THOMAS KING V. THE STATE OF TEXAS.

1. AUTREFOIS CONVICT.—A plea of *autrefois convict* which fails to state facts showing that the former conviction was for the same offense with that charged in the second proceeding in which the plea is filed is bad.
2. THEFT.—When a stolen article is sold by the thief and afterwards stolen from the purchaser an indictment for the last theft may allege the ownership either in the true owner or the purchaser.

APPEAL from Bell.    Tried below before the Hon. J. P. Osterhout.

The defendant had before been convicted on a charge of stealing from one Large the gelding which in this case he was charged with having stolen from Farley.    It appears from the evidence that both charges were true.    An effort was made to plead the former  conviction, in which it was alleged that the animal belonged to Large at the time stated in the indictment, and that defendant had before been convicted for stealing the animal from Large, but no facts were stated showing that the two charges were for the same offense.

Verdict guilty, and punishment fixed at ten years in the penitentiary.

*X. B. Saunders,* for appellant.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The plea of *autrefois convict* was defective, and was properly set aside. It did not state facts showing that this and the former prosecution for stealing the gelding were for the same offense; nor could it have done so truthfully, as shown by the evidence in this case.

The defendant stole this gelding from Large, sold him to Farley, and then stole him from Farley, to whom he had sold him, and who had him in possession when he was stolen the last time.

The indictment in this case alleged him to be the property of Farley, and the judge charged the jury that under such a state of facts the gelding was properly alleged to be the property of Farley in this indictment. This is complained of as erroneous, it being proved by Large that he had not then parted with the property in the gelding.

The general rule on this subject is stated by Bishop to be that "the ownership must be laid in some person who could maintain the civil action of trespass for the recovery of the property."

Farley, under the circumstances, had a right to hold the property as against every person but the true owner, Large, and if Large never demanded the horse his possession under a claim of ownership would have protected the property in his hands from the trespass of other persons having no right to it.

It has therefore been held that, "if stolen goods are stolen from a thief, the goods may be alleged to belong either to the true owner or to the first thief." (Ward *v.* The People, 3 Hill N. Y. Rep., 395; 6 Hill N. Y. Rep., 144; Rex *v.* Wilkins, 1 Leach, 4th ed., 520, 623; 2 Bishop's Cr. Prac., 721, 722, and notes.)

We are of opinion that the court below did not err in such charge, and that the defendant was properly convicted.

Judgment affirmed.

AFFIRMED.