### DICK JOHNSON v. THE STATE.

No. 3032.    Decided May 31, 1905.

**1.—Burglary—Evidence—Identity and Intent of Defendant—Variance.**

Where the indictment alleged the burglarious entry of B's house, a private residence, at night-time, testimony that S occupied and controlled a certain room in said house, and that his watch, which was afterwards found to have been disposed of by defendant, was taken from said room, was admissible to identify the defendant connecting him with the burglary, and to show his intent to commit theft as alleged; notwithstanding the burglar did not take any property from the particular room occupied by B, but in which he was seen at the dresser handling something and which adjoined S's room; and there was no variance between the proof and the allegation.

**2.—Same—Ownership—Renter—Variance.**

Where an indictment alleged the burglarious entry of a private residence at night-time owned and occupied by B; proof that he was a renter thereof and controlled it as such was not variant from such allegation of ownership and occupancy. Approving Linhart v. State, 33 Texas Crim. Rep., 504; Willis v. State, id., 168; Reed v. State, 34 id., 597.

Appeal from the District Court of Jefferson.    Tried below before Hon. L. B. Hightower.

Appeal from a conviction of burglary of private residence at night-time; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Matt Cramer,* for appellant.—Holland v. State, 45 Texas Crim. Rep., 172; 7 Texas Ct. Rep., 912.

*Howard Martin,* Assistant Attorney-General, for the State.—Mullens v. State, 35 Texas Crim. Rep., 149; Alexander v. State, 31 Id., 359.

DAVIDSON, PRESIDING JUDGE.—This is a burglary conviction. The State introduced the following testimony: Martin Sweeney occupied and controlled a certain room in the dwelling house of Charley Bryant, the house alleged to have been burglarized by defendant on the night of September 28, 1904; that a certain watch, the only property missed or taken from said dwelling house, was the property of Martin Sweeney, and was taken from his room, which was a room in said house; that said watch was afterwards identified by said Sweeney at a pawnshop as being the same watch taken from his room on said night. Exception was reserved on the ground that this testimony was irrelevant, incompetent, immaterial and fatally variant from the allegations in the indictment as to ownership, and it did not prove any issue or throw any light upon any issue in the case, and was prejudicial. This bill was approved with the following qualification: "The testimony also showed that the room Sweeney occupied was one of the rooms in Charley Bryant's private residence, which said residence was rented and controlled by Bryant, and Sweeney was a roomer in said residence, renting from Bryant." This testimony was admissible. The facts disclose that Sweeney occupied an adjoining room to that of the alleged owner, Bryant; that the burglar took Sweeney's watch from his room while in said house, and was subsequently seen in Bryant's room at the dresser handling a watch or jewelry of some kind. Bryant was unable to positively identify or with any degree of certainty say that appellant was the man who entered his room. Appellant was found in possession of the watch and disposed of it about two o'clock at night. The burglary occurred on the night of the 28th and appellant sold this watch on that night about two o'clock in the morning. This evidence was admissible for two purposes, under this record; first, as a means of identifying appellant and connecting him with the burglary; and second, to show the intent with which that burglary was committed, as the indictment charges the burglarious entry for the purpose of committing theft, the burglar did not succeed in securing any property in Bryant's room. It is true the evidence was sufficient, independent of the watch, to show the purpose with which the burglar entered Bryant's room, but the fact that the burglar took Sweeney's watch from his room, cogently illustrated the purpose for which he entered the house, and it was a potent fact in identifying appellant as the burglar.

Nor is there any merit in the contention that the introduction of the evidence in regard to this watch taken from Sweeney's room was variant from the allegations in the indictment, that the house was under the control of Bryant. The fact that Sweeney had rented and slept in one of the rooms in the house, and it was entered and his watch taken, would not be a variance, under the allegations that the house was in possession of Bryant, when the facts, as in this case, also show that the burglar entered Bryant's room for the purpose of committing theft. The indictment did not charge the ownership of the watch in Bryant, nor did it allege that any of Bryant's property

was taken. The allegation was that he entered Bryant's house with the intent to fraudulently take, steal and carry away the personal property belonging to Bryant, etc.

It is contended that because Bryant did not own the house, but was only a tenant, that is, controlled it as renter, that the evidence was variant from the indictment, which alleged ownership in and occupancy of the house by Bryant. There is no merit in this proposition. He was in control of the house as such renter, and was special owner within contemplation of the statute. Linhart v. State, 33 Texas Crim. Rep., 504; Reed v. State, 34 Texas Crim. Rep., 597; Willis v. State, 33 Texas Crim. Rep., 168.

The evidence amply sustains this conviction, and the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.