## JOHN BROADNAX V. THE STATE.

No. 9698.   Delivered January 20, 1926.

Rehearing denied February 24, 1926.

**1.—Manufacturing Intoxicating Liquor—Charge of Court—No Error Presented.**

Where, on a trial for manufacturing intoxicating liquor, the court gave a charge on circumstantial evidence and affirmatively submitted every defense raised by the evidence, and also gave the special charges requested, there is no error disclosed in the charge of the court.

**2.—Same—Evidence—Properly Excluded.**

It was proper for the court to sustain objections of the State to the question whether appellant had ever been convicted for any offense. The asking of such a question is not proper practice. Following Brown v. State, 242 S. W. 218.

ON REHEARING.

**3.—Same—Charge of Court—On Alibi—Properly Refused.**

Where, on the trial, it was shown that five stills in some woods were discovered by officers, all of which were in process of making whiskey. Appellant was at said stills, and seen working around them, and as he was leaving them was arrested.   Under this state of facts the court properly refused to charge on alibi. .

Appeal from the District Court of Harrison County.   Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Lane & Lane,* and *Bibb & Caven* of Marshall, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the District Court of Harrison County for manufacturing intoxicating liquor, with punishment fixed at one year in the penitentiary, appeal is taken.

According to state witnesses they found appellant in a small patch of woods in which were five stills all in operation. They testified that appellant started to run but they stopped him. The extent of the woods were described as about the size of the

court house. Fires were under the stills and whiskey was running out of them. One witness said when he first saw appellant he was working among the stills, and the other witness said he was stooping over one of them. Both state witnesses said appellant was drinking and under the influence of liquor.

The court gave a correct charge on circumstantial evidence, and at the request of appellant gave a special charge to the effect that his presence at the stills was not alone sufficient to convict, nor was the fact that he was under the influence of intoxicants so sufficient, and that if they had a reasonable doubt as to his presence at the still being the result of a search he was making for his cattle, the jury should acquit.

We have examined the other special charges and are of opinion that refusal of same was correct. Appellant admitted being in the woods near the stills when arrested, but denied any connection therewith, and said he was looking for his cows. In our judgment he did not suffer any injury from the refusal of a charge on alibi. It is not necessary in order to make out the crime of manufacturing whiskey, that the accused be in immediate contact with the still.

The court sustained the state's objection to the question whether appellant had ever been convicted for any offense. This shows no error. Asking such question is not proper practice as reflection will make evident. If the question had been allowed and been answered in the negative, it would appear fair to allow the state to show, if it could, that the accused had falsified, for that forsooth he had been arrested a number of times for affrays, fighting and other misdemeanors. To such procedure it is sure the accused would object upon the ground that he could not be impeached by proof of arrest or conviction for offenses which did not impute moral turpitude, and in this he would be correct. Neither law nor fair dealing could justify proof, over the objection of one party, which the other would not be allowed to rebut. Brown v. State, 242 S. W. Rep. 218.

Bill No. 6 complains of the rejection of a conversation had between one Anderson and appellant on the afternoon of his arrest. The details of the conversation were not admissible, but we observe that the witness was allowed to testify to the substance of said conversation, viz: that appellant was looking for his cows at the time he saw and talked to Anderson.

We have carefully considered the testimony and conclude the jury found ample support therein for their conclusion.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant courteously but urgently insists that we were in error in not holding that his requested charge on alibi should have been given. These are the facts: There were five stills situated in a sort of ring in a corner of the woods. All were making whiskey. Ezell and Glasscock swore appellant was at the stills, "working among them," "kind of stooped over", etc., and that when they started into the piece of woods appellant started away and that they arrested him in a short distance, one of them saying that appellant started to run and the other that he was walking away when they stopped him.

Defense witness Hicks testified that on the day of appellant's arrest he saw appellant between one and three o'clock on the place of witness, about three-quarters of a mile from where he understood the stills were found. Appellant told witness he was hunting his cows. Defense witness Anderson said he lived on the land of witness Hicks, and on the day of appellant's arrest he saw him between one and two o'clock in the field. Appellant was looking for his cows at that time. From appellant's own testimony it seems that Anderson and Hicks were together when they saw him. Appellant took the stand and said he passed through Hicks' field and saw Hicks and Anderson and went on east, and "was making it over to the old Bellow place. When Mr. Glasscock and Mr. Ezell saw me I was going through the woods. I never had anything to do with those stills down there; * * * I reckon about a minute or two after I was arrested, I told Mr. Glasscock that I was hunting for my cows and it didn't look like they ought to arrest me. because I didn't know anything about the outfit and had never seen it before. * * * I didn't see the stills at all that day until after they arrested me and brought me down there." It thus appears neither in his own testimony nor by that of any other witness does appellant dispute the proposition that he was arrested where the officers say he was, in close proximity to the stills. If when arrested he was a short distance from them, this would not call for a charge on alibi. The issue is, was he the operator of the stills, and had he been there just before he was arrested? We regret our inability to agree with counsel that the refusal of the charge on alibi was error. Appellant presented to the trial court a special charge which must have been deemed by him to present his defensive theory, which was given by the learned trial court. In same the jury were told that his pres-

ence at the still was not sufficient alone to form the basis for a conviction, and that if the jury had a reasonable doubt as to whether or not the defendant's presence at the stills resulted from a search for his cattle, and that was his only purpose in being at the stills at the time of his arrest, or if they had a reasonable doubt thereof, they should resolve this doubt in his favor and return a verdict of not guilty. This we think adequately presented the only defensive theory raised by the testimony.

The motion for rehearing will be overruled.

*Overruled.*