**M. Q. STEED, Appellant,**

**v.**

**Jake BAREFIELD et ux., Appellees.**

**No. 3632.**

Court of Civil Appeals of Texas.

Eastland.

June 16, 1961.

Rehearing Denied July 14, 1961.

Carsner, Carsner & Larsen, Victoria, for appellant.

R. H. Cory, Victoria, for appellees.

WALTER, Justice.

This is a trespass to try title suit filed by M. Q. Steed against Jake Barefield and wife, Nellie Smith Barefield. Jake died while this suit was pending and his wife continued with the case and asserted that she was owner of the fee simple title in her own right, and as sole survivor of the community estate. She alleged she was holding under a deed and claiming the property by adverse possession under the three, five, ten and twenty-five year statutes of limitation.

In a non-jury trial the court ordered that Steed take nothing and that Nellie Smith Barefield recover the title and possession. Steed has appealed, contending the court erred (1) in his finding of fact number 2 and conclusion of law wherein the court found title in Nellie Smith Barefield by reason of her adverse claim from November 2, 1929, because she was a married woman living with her husband during the entire period (2) in his findings of fact numbers 2 and 4 and conclusions of law based thereon wherein the court found the elements of adverse possession in favor of Nellie Smith Barefield from November 2, 1929, to July 31, 1957, the date of the filing of this suit, and that such acts were of such unequivocal nature as to give Steed and his predecessors in title notice of her adverse and hostile claim (3) in his findings of fact numbers 4 and 6 and the conclusions of law based thereon wherein the court found that the acts and conduct of the Barefields from 1933 to the date of the filing of this suit on July 31, 1957, were of such unequivocal nature as to put Steed and his predecessors in title on notice of their adverse and hostile claim (4) in his findings of fact numbers 8 and 9 and the conclusion of law based thereon wherein the court found that the giving and recording of a deed on August 17, 1944, from Jake Barefield to Nellie Smith Barefield, together with unequivocal acts of ownership, namely, making valuable improvements thereon, were sufficient to give Steed's predecessors in title notice of the Barefield's adverse claim and (5) in his conclusions of law numbers 4 and 5 wherein the court concluded that Steed's cause of action is barred by the doctrines of sale demand and laches.

It was stipulated that Shad Gibson was the common source of title. Shad Gibson and wife, Mamie Gibson, conveyed the property in dispute to their daughter, Elnora Barefield, on the 24th day of October, 1925, as her separate property and estate. On such date she was the wife of Jake Barefield and she and Jake were living on the property. Elnora died and Jake Barefield married Nellie Smith Barefield in 1929. Jake and his second wife continued to live on the property in controversy. In May, 1932, the heirs of Shad Gibson filed suit in trespass to try title against Jake Barefield and obtained a default judgment against him on December 20, 1932, which entitled them to a writ of possession of the disputed property. Jake and Nellie Smith Barefield continued to live on the disputed property after the judgment was obtained against Jake and on April 13, 1933, Jake and Nellie Barefield filed a suit against the plaintiffs in the original trespass to try title suit, namely, the heirs of Shad Gibson, asking for an injunction restraining them from enforcing and executing said writ of possession. The court in chambers issued a temporary writ of injunction and said writ was duly served on the sheriff of Victoria County by the constable. On August 17, 1944, Jake Barefield deeded the property to his wife, Nellie Smith Barefield. The

case at bar was filed on July 31, 1957, against Jake and Nellie Smith Barefield. Jake died in 1958.

It appears that the appellant, M. Q. Steed, had purchased from some of the heirs of Shad Gibson their interest in the property and the record reveals that appellant offered Jake Barefield $8,000 in cash for whatever interest he owned in the property. This offer was made with the proviso that Jake would be permitted to remove all the improvements on the lot. Steed testified in substance that he had been acquainted with the property in controversy for ten or twelve years and to his knowledge Jake and Nellie Smith Barefield lived on said property and that they were claiming said property as their own and that he knew that Jake was paying taxes on the property.

After the appellee had placed on the witness stand several witnesses who testified that Jake and Nellie Barefield had held the property in controversy adversely, the parties entered into a stipulation by the terms of which it was agreed that there were three additional witnesses in the courtroom who, if placed on the stand, would testify that Nellie Smith Barefield had open, peaceable, notorious, continuous, exclusive, adverse and uninterrupted possession of the property in controversy as against the world, using, renting, and enjoying the same from 1932 to the date of filing of this suit and that the court could consider such testimony in arriving at a judgment.

Appellant's position is that the continued possession of the property by the Barefields after rendition of the judgment against Jake in 1932 in favor of the heirs of Shad Gibson was not adverse because there is no evidence of actual notice of repudiation of tenancy at sufferance by the Barefields and no evidence of repudiation of such tenancy by unequivocal and notorious acts.

■ The law is now settled by the cases of Sweeten v. Park, 154 Tex. 266,

276 S.W.2d 794, and Green v. Vance, 158 Tex. 550, 314 S.W.2d 794, Per Curiam, that one holding over after a judgment divesting him of title to real property is regarded as a tenant at sufferance of the prevailing party. In order for such a tenant's possession to ripen into title by adverse possession, he must establish, in addition to the requirements of our limitation statutes, that he has repudiated such tenancy. He must establish repudiation either by proof of actual notice, or unequivocal and notorious acts evidencing such repudiation. In the case of Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286, 289, our Supreme Court speaking through Judge Calvert said: *"Actual notice* 'embraces those things of which the one sought to be charged has express information, and likewise those things which a reasonably diligent inquiry and exercise of the means of information at hand would have disclosed.' Hexter v. Pratt, Tex.Com.App., 10 S.W. 2d 692, 693; Flack v. First National Bank of Dalhart [148 Tex. 495], 226 S.W.2d 628." We hold that the suit filed by the Barefields against the heirs of Shad Gibson for an injunction and the granting of a temporary injunction prohibiting the sheriff from executing a writ of possession in favor of Shad Gibson's heirs constitutes actual notice of their repudiation of such presumed tenancy at sufferance.

■ We also hold there was a repudiation of such tenancy by unequivocal and notorious acts. The following acts of unequivocal notoriety which the heirs of Shad Gibson and the appellant Steed would be presumed to have had notice of are as follows: (1) the Barefields paid off a mechanic's lien contract which was entered into by Jake and his first wife. This took eleven years and the date of the release of the mechanic's lien is November 5, 1939. Said release was filed in the office of the county clerk of Victoria County on the sixth day of November, 1939, and was recorded in the Mechanic's Lien Records (2) building a house on said lot and renting it to a negro named Leo for 16 or 18 years

and collecting rent thereon (3) moving a second house on the back of said lot for the mother of Nellie Smith Barefield, who lived there for 17 years (4) the Barefields paid the taxes on such property from 1930 to 1959, and the fact that the heirs of Shad Gibson paid no taxes from 1929 to the date of the sale to M. Q. Steed in 1957 and (5) a deed from Jake Barefield to Nellie Smith Barefield dated August 17, 1944, and filed for record August 17, 1944, in the deed records of Victoria County.

We have examined all of appellant's points and find no merit in them and they are overruled.

Judgment affirmed.