**Robert Lee BLACK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48133.**

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

Ray Montgomery, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Stanley Topek, Asst. Dist. Attys., Houston.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

Appellant was convicted by a jury of the offense of burglary with intent to commit theft. The jury assessed punishment at two (2) years.

This prosecution arose after police arrested appellant and another inside Chow's Food Center at 2120 Cleburne in Houston on the night of August 27, 1971. This appeal is before us on four grounds of error.

First, appellant contends that a fatal variance exists between the indictment, which alleged the building to be occupied and controlled by James Chow, and the

proof, which appellant contends shows the building to have actually been owned by the State.

Chow testified that for approximately three years he and his father had owned a grocery business in the one-story building. However, the State condemned the property for the purpose of building a freeway. As a result of the condemnation, Chow and his father shut down their business in July of 1971. At the time of the burglary on August 27, 1971, Chow testified that he occupied and controlled the building and owned the fixtures, appliances, and merchandise contained therein. As a result of the burglary, police recovered a slicing machine and some canned goods which were returned to Chow. The building was not razed until February or March of 1972.

Appellant contends that since the property had been condemned prior to the burglary, the ownership of the building should have been alleged in the State. We do not agree.

■■ Article 21.08, Vernon's Ann.C.C. P., provides that where one person owns property and another person has possession of the same, ownership may be alleged in either. Therefore, it is not necessary to allege the person who had actual legal title to the property. The rules for alleging ownership in burglary cases are the same as in cases of theft, and the term "occupied" in burglary cases is equivalent to possession. 4 Branch's Ann.P.C., Sec. 2514. It is well settled that the ownership of a building may be laid in a tenant. Johnson v. State, 48 Tex.Cr.R. 339, 88 S. W. 813 (1909). See Moore v. State, 48 Tex.Cr.R. 400, 88 S.W. 230 (1905), and compare King v. State, 43 Tex. 351 (1875).

■ Assuming that the Sate had legal title to the property at the time of the burglary, Chow's testimony shows he was a tenant at will, see Petty v. Dunn, 419 S.W. 2d 417 (Tex.Civ.App. 1967, ref'd. n.r.e.), or a tenant at sufferance. 35 Tex.Jur.2d 508, Landlord and Tenant, Sec. 23; Restatement of Property, Sec. 22 (1936); Powell on Real Property, Sec. 259; Steed v. Barefield, 348 S.W.2d 205 (Tex.Civ.App. 1961, ref'd. n.r.e.). As such, tenant Chow had the right to occupy and control the building until his tenancy was terminated. Elliott v. State, 39 Tex.Cr.R. 242, 45 S.W. 711 (1898).

Under the evidence in this case, we hold that the indictment properly alleged the ownership of the building to be in Chow.

Appellant's second contention is that the trial court denied his motions for a speedy trial.

Appellant was arrested in the instant case on August 27, 1971. On October 19, 1971, a Harris County grand jury returned an indictment against appellant in Cause Number 169,289; however, the indictment erroneously alleged the owner of the building to be *Ty* Chow. On the same day, appellant was indicted for theft (Number 169,288). Appellant was again indicted for robbery by assault in Cause Number 174,547 on February 23, 1972. The record reflects that appellant appeared in court on April 14, 1972, in both Cause Numbers 169,289 (burglary) and 174,547 (robbery by assault). Both these cases were reset by agreement until May 3, 1972. On June 12, 1972, appellant was tried on another robbery case (Cause Number 174,492), convicted, given eight (8) years, and was on appeal[1] at the time of this hearing.

1. This conviction was affirmed on January 16, 1974. Black v. State, 503 S.W.2d 554 (Tex.Cr.App.1974). In that case, appellant was arrested at a hospital in Houston on February 2, 1972, after being shot during the course of the robbery. At the time of the hearing in the instant case, there was evidence that appellant had continuously been in jail since that date. Apparently appellant was freed on bond after he was arrested for the burglary of the Chow Food Center until his arrest at the hospital in the robbery case.

Appellant again appeared in court in Cause Numbers 169,289 and 174,547 on July 14, 1972. Although the record is not altogether clear, it appears that both cases were reset by agreement on August 21, 1972. On August 21st, appellant again appeared in court and the docket sheet in each case reflects that each case was reset by agreement until September 21, 1972. On August 21st, appellant mailed a motion for speedy trial demanding that he be tried within 10 days or the prosecution in Cause Numbers 169,289 (burglary) and 174,547 (robbery by assault) be dismissed. It is not clear from the record whether the motion was filed before or after the cases were reset by agreement.

On September 11th, appellant again appeared and filed another motion for speedy trial. At this time, the State realized that the indictments in Cause Numbers 169,289 (burglary) and 169,288 (theft) were faulty and moved that they be dismissed. The trial court granted this request. The State did announce ready, however, in the robbery by assault case; however, appellant was not ready and the case was reset until October 10th.

The indictment in the instant case (Cause Number 183,204) was returned on September 12, 1972. Trial began under the instant indictment on January 16, 1973.

■ In determining whether or not appellant has been denied his right to a speedy trial, we apply the "balancing test" discussed in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Some of the relevant considerations are: (1) the length of delay, (2) the reason for the delay, (3) defendant's assertion of his right, and (4) the prejudice to the defendant. George v. State, 498 S.W.2d 202 (Tex.Cr.App.1973). A total of 17 months elapsed between the time appellant was arrested for this offense and his trial.

■ As for the reason for the delay, appellant does not allege, and the record does not show, any deliberate effort by the State to delay his trial. The record reflects that at least 4 indictments were pending against him. Between his arrest and trial for the instant offense, appellant was arrested for robbery by assault in February of 1972, and tried and convicted for that offense in June of 1972. Further, except for appellant's first motion for speedy trial, the trial was reset by agreement until September 11, 1972. It was on this date that the prosecutor realized that the original indictment was faulty. The prosecutor testified that the reason he had not discovered the defect sooner was that he had 300 cases to work with each day. To have gone to trial on September 11th on the defective indictment would not have been in the interest of proper judicial administration. Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). The State's offer to try appellant on the other robbery case pending against him on September 11th was declined by him.

As to appellant's assertion of his right, he moved for a speedy trial on August 21st, September 11th, and January 16, 1973, the day the instant trial began.

Next, we consider the prejudice to the accused. The 11½ months appellant was incarcerated appear to have been because of two charges of robbery by assault. He was tried on one of these charges 4½ months after he was first incarcerated and offered a trial on the second within 3 months after the first trial. Compare Turner v. State, 504 S.W.2d 843 (Tex.Cr. App.1974). Under the circumstances, we do not hold that there was any oppressive pre-trial incarceration. Nor do we believe that appellant's defense was impaired. Two police officers testified to finding appellant hiding with another inside the burglarized building where they arrested him. Appellant testified that the police arrested him outside the building where he was waiting for a bus. He knew of no witnesses who could corroborate his story except for whoever burglarized the building.

We hold that appellant was not denied his right to a speedy trial.

Third, appellant contends that the trial court erred in refusing to submit to the jury his specially requested charge on alibi.

Appellant testified that he was standing at a bus stop just outside the burglarized building at the time the police arrived. Although this differed with the State's evidence that appellant was arrested inside the building, his own testimony placed him at the scene of the offense; therefore, appellant did not establish that he was at another and different place from that at which the crime was committed.

In Broadnax v. State, 103 Tex.Cr.R. 160, 280 S.W. 219 (1926), the defendant was convicted for manufacturing intoxicating liquor. The defendant's evidence showed him to be looking for his cows in a field near where 5 stills were found. The defendant denied that he knew about the stills until after his arrest. There this Court held that a charge on alibi was properly refused. See also Lee v. State, 454 S.W.2d 207 (Tex.Cr.App.1970), and Friga v. State, 488 S.W.2d 430 (Tex.Cr.App. 1973).

We hold that the charge on alibi was properly refused.

Last, appellant complains of the trial court's refusal to submit his specially requested charge on the law of principals to the jury.

Where, as in the instant case, the evidence shows that the accused committed the offense, no charge on the law of principals is required, although the evidence may also disclose that, in doing the criminal act, another took an equal part. Perez v. State, 141 Tex.Cr.R. 575, 150 S.W.2d 402 (1941); Smith v. State, 472 S.W.2d 121 (Tex.Cr.App.1971); Durham v. State, 112 Tex.Cr.R. 395, 16 S.W.2d 1092 (1929); Vol. 1, Vernon's Ann.P.C. at XVI, "The Law of Principals, Accomplices, and Accessories," by Morrison and Blackburn.

There being no reversible error, the judgment is affirmed.