IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-331-CR





JESSE CASTILLA, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT



NO. 32,995, HONORABLE RICK MORRIS, JUDGE PRESIDING



 





 Appellant Jesse Castilla, Jr. appeals his conviction for the felony offense of failure
to appear (bail jumping). Tex. Penal Code Ann. § 38.11 (West 1989). After the jury found
appellant guilty, the trial court found the enhancement of punishment allegations to be "true" and
assessed appellant's punishment at ten years' imprisonment. The imposition of the sentence was
suspended and appellant was placed on probation subject to certain conditions.

 Appellant urges five points of error. Initially, appellant contends that the trial court
erred in denying his motion to dismiss the indictment for failure to provide a speedy trial. In two
other points of error, appellant challenges the sufficiency of the evidence to support the
conviction, claiming a fatal variance between the State's pleading and proof, and the failure of the
proof to show that he intentionally or knowingly committed the offense charged. The remaining
two points relate to evidentiary matters. Appellant argues that the trial court erred in admitting "evidence not relevant to any disputed issue," and in admitting an indictment from
an earlier forgery case which alleged prior convictions for enhancement of punishment.

 Appellant was indicted for forgery in cause no. 32,857 in Bell County on May 9,
1984. Appellant had been released on a surety-bond the day before and the bond remained in
effect. Appellant, represented by court-appointed counsel, was present in district court on June
8, 1984, when cause no. 32,857 was set for trial by jury on July 9, 1984. On June 29, 1984,
cause no. 32,857 was reset for "a plea" on July 11, 1984. When cause no. 32,857 was called on
July 11, 1984, appellant was not present and thus failed to appear for trial. On July 25, 1984,
the grand jury of Bell County indicted appellant for the felony offense of failure to appear. The
indictment was docketed as cause no. 32,995.

 In his first point of error, appellant contends that the trial court erred in denying
his motion to dismiss or quash the indictment for the failure to provide a speedy trial. The trial
court's action followed a hearing on the motion.

 The right to a speedy trial is guaranteed to a state criminal defendant by the Sixth
Amendment to the Constitution of the United States as applied through the Fourteenth
Amendment. Barker v. Wingo, 407 U.S. 514 (1972); see also Dickey v. Florida, 398 U.S. 30
(1970); Smith v. Hooly, 393 U.S. 374 (1969); Kloper v. North Carolina, 386 U.S. 213 (1967). 
The same right is assured by article I, section 10 of the Texas Constitution as well as by a
statutory provision. See Tex. Code Crim. Proc. Ann. art. 1.05 (West 1977); Hull v. State, 699
S.W.2d 220, 221 (Tex. Crim. App. 1986); Russell v. State, 598 S.W.2d 238, 248 (Tex. Crim.
App.), cert. denied, 449 U.S. 1003 (1980); Easley v. State, 564 S.W.2d 742, 744 (Tex. Crim.
App.), cert. denied, 439 U.S. 967 (1978).

 The determination of whether an accused has been denied the right to a speedy trial
is to be made by use of the Barker v. Wingo balancing test. Each case requires consideration of
the following factors, although they are not exclusive:

 (1) the length of the delay;

 (2) the reason for the delay;

 (3) the defendant's assertion of the right; and

 (4) the prejudice to the defendant resulting from the delay.

Barker, 407 U.S. at 530; see also Moore v. Arizona, 414 U.S. 25 (1973); Harris v. State, 827
S.W.2d 949, 956 (Tex. Crim. App. 1992); Turner v. State, 545 S.W.2d 133 (Tex. Crim. App.
1976).



LENGTH OF THE DELAY


 There is no precise length of delay which irrefutably constitutes a violation of the
right to a speedy trial. Easley, 564 S.W.2d at 744. The length of delay is measured from the
time a defendant is formally accused or arrested. Dillingham v. United States, 423 U.S. 64
(1975); United States v. Marion, 404 U.S. 307, 313 (1971). Appellant was indicted on July 25,
1984. His trial on the merits commenced July 8, 1991, almost seven years after the formal
accusation. This is certainly a sufficient length of time to require the application of the balancing
test. See Barker, 407 U.S. at 532 n.31. 



REASON FOR THE DELAY


 The indictment for failure to appear was returned on July 25, 1984. The capias that
issued remained unexecuted in the months that immediately followed the return of the indictment. 
At the hearing on the motion to dismiss the indictment, it was established that appellant was
arrested in Austin on December 7, 1984, on a "surety off bond" warrant arising out of an earlier
charge in Gonzales County. On January 16, 1985, Bell County authorities notified Gonzales
County to place a "hold" on appellant to answer the Bell County indictments. By January 25,
1985, appellant escaped from jail and a second felony escape charge was filed against him in
Gonzales County. On April 2, 1985, appellant was arrested in Austin by virtue of three felony
warrants from Gonzales County. On April 3, 1985, Bell County placed a second "hold" on
appellant with the Gonzales County authorities. On May 28, 1985, appellant pleaded guilty to
a forgery indictment in the district court of Gonzales County. His punishment was assessed at
five years' imprisonment. Two felony escape charges were dismissed. Appellant was then
transferred to the Texas Department of Corrections on May 30, 1985.

 Curtis Parsley, Sheriff of Gonzales County, testified that Bell County was not
notified of the prison transfer. Parsley indicated that because of appellant's escapes, two from his
deputies and one from the jail, he was anxious to see appellant confined in prison. Bell County
did not place a detainer on appellant with the prison authorities because its authorities were
unaware appellant had been transferred to prison.

 Appellant testified at the hearing on the motion to dismiss that his court-appointed
attorney in Gonzales had indicated that a "1245 form" (1) would be used to make inquiries about
charges pending against appellant in Bell and Hidalgo Counties. Appellant claimed that he heard
nothing further from his attorney. He knew of the Bell County "hold." Later, appellant pleaded
guilty to a forgery indictment in the district court in Gonzales County. It does not appear that
section 12.45 of the Penal Code was utilized in the guilty plea proceedings. In prison, appellant
sought the assistance of inmate counsel with regard to the detainer placed on him by Hidalgo
County concerning a forgery charge. Appellant sought no legal assistance concerning the Bell
County charges. Appellant testified that he just assumed he was no longer wanted in Bell County.

 On August 25, 1986, appellant was released from prison on parole. Appellant
discharged his parole on February 14, 1990. During this period of time, appellant made no
inquiry as to the status of the Bell County charge or charges. On December 7, 1990, Austin
police department personnel inquired of Bell County authorities whether appellant still had
outstanding warrants there. (2) On the same date, appellant was arrested by virtue of the warrants
issued in cause nos. 32,857 and 32,995 in Bell County.

 Appellant was released on December 13, 1990, after filing bail bonds. On
December 19, 1990, appellant filed a motion to dismiss the indictment in cause no. 32,995 based
on the lack of a speedy trial. A hearing on the motion was conducted on February 15, 1991. 
Thereafter, on May 8, 1991, the trial court overruled the motion. The trial on the merits
commenced on July 8, 1991.

 The defendant has the burden of first showing that sufficient delay has occurred to
require the application by the Barker balancing test. Barker, 407 U.S. at 530. Upon such a
showing, the burden shifts to the State to justify the delay, (3) the defendant then has the burden of
showing his diligent assertion of his right to a speedy trial and some prejudice resulting from the
delay. State v. Hernandez, 830 S.W.2d 631, 635 (Tex. App.--San Antonio 1992, no pet.).

 The initial delay was clearly due to appellant's behavior and his escapes. 
Moreover, the fact that appellant was being prosecuted on other charges constitutes a valid reason
for delay in bringing him to trial. Easley v. State, 564 S.W.2d 742, 745 (Tex. Crim. App.), cert.
denied, 439 U.S. 967 (1978); Black v. State, 505 S.W.2d 821, 824 (Tex. Crim. App. 1974). 
Clearly, the first ten months or so of the delay can be attributed to appellant.

 After appellant was confined in prison, he was content to let sleeping dogs lie. 
Although legal assistance was available, he made no effort to clarify his status with Bell County. 
The State concedes that after a reasonable period of time there was a lack of diligence on its part
in determining if appellant was still being held pending trial in another county. After appellant's
release on parole and after his discharge from parole, he made no inquiry about the pendency of
any Bell County charges against him. The State likewise was negligent in failing to pursue
appellant's whereabouts. After appellant's arrest, he filed a motion to dismiss the indictment, the
disposition of which consumed several months prior to trial. There appears to be enough blame
for delay to be spread upon the bread of each party. We now consider the other factors involved
in the balancing test.



ASSERTION OF SPEEDY TRIAL RIGHTS


 The burden is upon an accused to show that he asserted his right to a speedy trial,
although he does not necessarily waive his right to a speedy trial by the failure to assert his right. 
Therefore, an accused's diligence or lack thereof in asserting his right to a speedy trial is relevant
and may be considered in an inquiry into the deprivation of his right. Archie v. State, 511 S.W.2d
942, 944 (Tex. Crim. App. 1974); Hernandez, 830 S.W.2d at 634.

 Appellant never asserted his right to a speedy trial. He did file a motion to dismiss
the indictment based on the lack of a speedy trial, but he did not assert his right. It is true that
appellant testified that he did not know of the indictment for failure to appear until he was arrested
on December 7, 1990. However, appellant admitted that while he was in custody in Gonzales
County he knew that Bell County had placed a "hold" on him. The record reflects that the "hold"
placed on appellant by Bell County related to both the forgery and failure to appear indictments.



PREJUDICE RESULTING FROM DELAY


 "Barker designated three types of possible prejudice: (1) oppressive pre-trial
incarceration; (2) anxiety and concern of the accused; and (3) a possibility that the defense will
be impaired." Phillips v. State, 650 S.W.2d 396, 404 (Tex. Crim. App. 1983). "Prejudice
should be assessed in the light of the interests which the speedy trial was designated to protect"
and "[a]lthough proof of 'actual prejudice' is not required in Texas, the burden is on the defendant
to make some showing of prejudice caused by the delay." Archie, 511 S.W.2d at 944; see also
Chapman v. Evans, 744 S.W.2d 133, 137 (Tex. Crim. App. 1988).

 We do not understand appellant to claim oppressive pre-trial incarceration. He
does advance a claim that the delay impaired his defense of alibi. Appellant overlooks that this
claim relates to the forgery indictment and not the instant cause. Appellant's next claim of
prejudice relates to the death of the two sureties on his bail bond, his father and uncle, who passed
away after his alleged failure to appear at his forgery trial. He argues that because of the delay
he was deprived of the testimony of the sureties that they were not notified of the forgery case
being reset from July 9 to July 11, 1984. The court coordinator testified that no notice was sent
to the sureties of the resetting because it was made by an agreement of the parties. The State
conceded that no notice to the sureties was given. No prejudice in this regard was established.

 Appellant also claims vaguely that he suffered "anxiety, frustration and concern." 
He cites no evidentiary support for this claim. Appellant testified that he was not aware of the
failure to appear indictment until after his arrest on December 7, 1990. It is difficult to determine
anxiety and concern on the part of an accused when he contends he was unaware of the pending
charge.

 Appellant urges that because of the delay he lost the opportunity for concurrent
sentences. He does not list the charges to which he refers. Apparently, he refers to the
sentencing in the forgery case in Gonzales County, when the two escape charges were dismissed
before he entered his guilty plea to the forgery indictment. Up to this point, the delay was
attributable to his own behavior and was not the fault of the State. Depending on undeveloped
facts, appellant may have a claim of ineffective assistance of counsel, but not prejudice affecting
his speedy trial right. Appellant points to other concerns, but these concerns are not concerns
resulting from any trial delay.

 None of the four factors in the Barker balancing test is regarded as either a
necessary or sufficient condition to the finding of a deprivation of a speedy trial. The factors are
to be considered together, and each case is to be judged on an ad hoc basis. Phillips, 650 S.W.2d
at 404; Hernandez, 830 S.W.2d at 634. Applying the balancing test to the instant cause, we
conclude, under the circumstances, that the trial court did not err in overruling the motion to
dismiss or quash the indictment for lack of a speedy trial. Point of error one is overruled.

 In his second and fifth points of error, appellant contends that the trial court erred
in denying his motion for an instructed verdict of not guilty because there was no evidence to
show that he "intentionally or knowingly" failed to appear as alleged and because there was a fatal
variance between the allegata and probata. We shall consider these two points as challenges to
the sufficiency of the evidence, see Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App.
1990), and treat them in reverse order.

 In his fifth point of error, appellant claims that there was a fatal variance between
the allegations and the proof because the instant indictment alleged that he failed to appear in the
264th District Court, in connection with the forgery indictment in cause no. 32,857 when that
indictment was in fact returned in the 27th District Court, another district court in Bell County. 
The indictment alleged that appellant failed to appear in the 264th District Court and the proof
showed that he failed to appear in the 264th District Court. There was no variance. It is true that
the forgery indictment was returned into the 27th District Court, but the transfer between district
courts is proper. See Tex. Gov't Code Ann. § 24.129, § 24.303 (West 1988). The propriety of
the transfer was not challenged in the trial court. The fifth point of error is overruled.

 Turning to the second point of error, we observe that section 38.11 of the Texas
Penal Code provides in part:



(a) A person lawfully released from custody, with or without bail, on condition
that he subsequently appear commits an offense if he intentionally or knowingly
fails to appear in accordance with the terms of his release.


(c)  It is a defense to prosecution under this section that the actor had a reasonable
excuse for his failure to appear in accordance with the terms of his release. 



Tex. Penal Code Ann. § 38.11(a),(c) (West 1989) (emphasis supplied).

 Appellant was released on an "instanter bond" in cause no. 32,857 requiring his
appearance from "term to term and day to day" in the District Court of Bell County. In Euziere
v. State, 648 S.W.2d 700, 702 (Tex. Crim. App. 1983), the Court of Criminal Appeals held that
proof a defendant was released on an "instanter bond gave proper notice" and, in the absence of
evidence of a reasonable excuse, was "sufficient to prove that appellant intentionally and
knowingly failed to appear in accordance with the terms of his release."

 Euziere was construed by this Court in Richardson v. State, 699 S.W.2d 235, 238
(Tex. App.--Austin 1985, pet. ref'd), as meaning:



[P]roof the defendant was free pursuant to an instanter bond constitutes a prima
facie showing . . . [which] will satisfy the State's burden of proving a culpable
mental state in the absence of any evidence to the contrary. But where, as in the
instant cause, there is evidence the defendant did not, in fact have notice of the
proceeding in question, the State must do more than prove the terms of the bond
in order to meet its burden of proving an intentional or knowing failure to appear. 
In such cases, the State must offer evidence that the defendant did have actual
notice, or that he engaged in a course of conduct designed to prevent him from
receiving notice.



 In the instant case, the State introduced the instanter bond into evidence. In
addition, there was evidence that notices were sent to appellant and the sureties on his bond to
appear in the 264th District Court of Bell County on June 8, 1984. On that date appellant and his
court-appointed counsel appeared in open court, and it was agreed that the forgery indictment in
cause no. 32,857 would be set for trial jury on July 9, 1984, in the 264th District Court. The
evidence reflects that on June 29, 1984, there was an agreement that the cause be set on July 11,
1984 for a "plea." The circumstances surrounding this agreement were not further developed by
the evidence. Appellant did not appear in the 264th District Court on July 9 or July 11, 1984. 
On the latter date, a bond forfeiture was declared by the trial court and a judgment nisi was
entered. The court coordinator testified that after June 8, 1984, appellant made no appearance
inquiring about the status of his forgery indictment. The citation issued after the entry of the
judgment nisi was never served on appellant, although appellant gave the same address as his
father, who was a surety on the bond and who was served with a citation. Appellant did not
surface as far as Bell County was concerned until his arrest in Austin on December 7, 1984, on
charges from another county. Intent and knowledge may be inferred from the acts, conduct and
words of an accused and from the surrounding circumstances. Linder v. State, 828 S.W.2d 290,
294 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). When the State rested its case-in-chief,
appellant offered no evidence. He rested with the State. Appellant urged no defense.

 The standard of reviewing the legal sufficiency of the evidence is whether, viewing
the evidence in the light most favorable to the judgment, any rational trier of fact could have
found beyond a reasonable doubt the essential elements of the offense charged. Jackson v.
Virginia, 443 U.S. 307, 319 n.12 (1979); Valdez v. State, 776 S.W.2d 162, 165 (Tex. Crim.
App. 1989), cert. denied, 495 U.S. 963 (1990). The standard for review is the same in both
circumstantial and direct evidence cases. Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App.
1991); Herndon v. State, 787 S.W.2d 408, 409 (Tex. Crim. App. 1990); Christian v. State, 686
S.W.2d 930, 934 (Tex. Crim. App. 1985).

 When the conviction is based on circumstantial evidence in cases tried prior to the
Geesa decision (November 6, 1991), the conviction cannot be sustained if the circumstances do
not exclude every other reasonable hypothesis except the guilt of the appellant. If the evidence
supports a reasonable inference other than that of appellant's guilt, a finding of guilt beyond a
reasonable doubt is not rational. Goff v. State, 777 S.W.2d 418, 420 (Tex. Crim. App. 1989). 
The reasonable hypothesis test has now been abandoned for cases tried after Geesa. Geesa, 820
S.W.2d at 158-61. The instant case is controlled by the pre-Geesa rule.

 The jury as the trier of fact is the judge of the credibility of the witnesses and the
weight to be given to their testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). The
jury may accept or reject all or part of the testimony of any witness. Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986), cert. denied, 488 U.S. 872 (1988); Penagraph v. State, 623
S.W.2d 341, 342 (Tex. Crim. App. 1981). The fact-finder may draw reasonable inferences from
the evidence. Benavides v. State, 763 S.W.2d 587, 588-89 (Tex. App.--Corpus Christi 1988, pet.
ref'd).

 We conclude, viewing the evidence in the light most favorable to the jury's verdict,
that the evidence was legally sufficient for a rational trier of fact to have found beyond a
reasonable doubt all the essential elements of the felony offense of failure to appear, including the
element that appellant "intentionally or knowingly" failed to appear. The second point of error
is overruled. See Vanderhorst v. State, 821 S.W.2d 180 (Tex. App.--Amarillo 1991, pet. ref'd).

 In his third point of error, appellant contends that the trial court erred in overruling
the objection "to the introduction of an indictment alleging extraneous offenses." The failure to
appear is a felony of the third degree "if the offense for which the actor's appearance was required
is classified as a felony." Tex. Penal Code Ann. § 38.11(f) (West 1989). The instant indictment
alleged that appellant on or about July 11, 1984:



did then and there after being unlawfully released from custody on condition that
he subsequently appear in court, intentionally and knowingly fail to appear in
accordance with the terms of his release, to-wit: did then and there fail to appear
on the 11th day of July 1984 in the 264th District Court of Bell County, Texas,
and the offense for which the said Jesse Castilla, Jr., appearance was required is
classified as a felony.



 In order to prove the allegations, the State offered into evidence the forgery
indictment in cause no. 32,857. Appellant objected to the introduction of the indictment "in its
present form" and in particular to the second and third paragraph on the basis that "they're not
relevant and they're extraneous offenses." The second and third paragraphs each alleged a prior
conviction for robbery by assault for the enhancement of punishment. The State urged that the
enhancement paragraphs were admissible and relevant as part of the indictment, and on the issues
of intent and design as well as motive (4) because "the fact that he was looking at big trouble is
certainly probative." Appellant then enlarged his earlier objection, by alleging that the
enhancement paragraph had a prejudicial effect which outweighed any probative value. The
objection was overruled and the forgery indictment in its entirety was admitted into evidence.

 Generally, the determination of the admissibility of evidence is within the discretion
of the trial court. Tex. R. Crim. Evid. 104. Error does not occur unless the trial court abuses
its discretion. Werner v. State, 711 S.W.2d 639, 643 (Tex. Crim. App. 1986). Evidence is
"relevant" that has "any tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be without the evidence." 
Tex. R. Crim. Evid. 401. The determination of whether evidence is relevant to any issue in the
case lies within the discretion of the trial court. Id.; Johnson v. State, 698 S.W.2d 154, 160 (Tex.
Crim. App. 1985), cert. denied, 479 U.S. 871 (1986). All relevant evidence is admissible unless
prohibited by constitutional or statutory provision or by the rules of criminal evidence. Tex. R.
Crim. Evid. 402. Evidence which is not relevant is inadmissible. Id. 

 Although relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice. Tex. R. Crim. Evid. 403. Again, although
relevant, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of
a person in order to show that he acted in conformity therewith." Tex. R. Crim. Evid. 404(b). 
Evidence of "other crimes, wrongs or acts" may, however, be admissible if it has relevance apart
from its tendency "to prove the character of a person in order to show that he acted in conformity
therewith." Id. Hence, a party may introduce such evidence where it logically serves to make
more or less probable an elemental fact or an evidentiary fact that inferentially leads to an
elemental fact. See Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (op. on
rehearing). Extraneous offense evidence that logically serves any of the purposes of motive,
opportunity, intent, preparation, plan, knowledge, identity, etc., is relevant beyond its tendency
"to prove the character of a person to show that he acted in conformity therewith." Id. In the
instant case, the State urged intent and motive as the basis for the admission of the second and
third paragraphs of the forgery indictment, the indictment being relevant and admissible to prove
the allegations of the failure-to-appear indictment. Appellant's objection, although not mentioning
Rule 404(b), was sufficient to invoke that rule. See Montgomery, 810 S.W.2d at 837. The State,
the proponent of the exhibit, however, satisfied the trial court of the relevancy of the evidence. 
We do not conclude that the trial court abused its discretion in admitting the evidence under Rules
403 or 404(b). The third point of error is overruled. See Moreno v. State, 858 S.W.2d 453, 463
(Tex. Crim. App. 1993).

 Appellant's fourth point of error contends that the "trial court erred in admitting
evidence not relevant to any disputed issue." The evidence of which appellant complains is State's
exhibits 3A, 8, 9 and 10. Exhibit 3A is the docket sheet from cause no. 32,857, wherein
appellant was charged with forgery. The exhibit reflects that appellant failed to appear on July
11, 1984, and that an arrest warrant was issued. Exhibits 8, 9 and 10 were the judgment nisi in
cause no. 1021490-C, and the citations issued to the two sureties which were shown to have been
executed.

 The objections to the exhibits are reflected in the record as follows:



Judge, we have an objection to 3-A.


As to 8, 9 and 10, Your Honor, we don't think they're relevant and we'll object
to their admission.



The objections were overruled. Appellant admits that "3-A was objected to but not specifically." 
The other objection was only a general one based on the lack of relevancy.

 For an issue to be preserved for appeal, there must be a timely objection which
specifically states a legal basis for the objection. Tex. R. Crim. Evid. 103; Tex. R. App. P.
52(a); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); Miranda v. State, 813
S.W.2d 724, 737 (Tex. App.--San Antonio 1991, pet. ref'd). Normally, a general objection
presents nothing for review on appeal. Williams v. State, 596 S.W.2d 862, 866 (Tex. Crim. App.
1980); Miranda, 813 S.W.2d at 737. Thus, a general objection of "relevancy," or as here, "we
don't think they are relevant" presents nothing for review. See James v. State, 772 S.W.2d 84,
99-100 (Tex. Crim. App.), vacated on other grounds, 493 U.S. 885 (1989); Miranda, 813
S.W.2d at 742. We do not conclude the specific grounds were apparent from the record, and
appellant failed to apply the relevancy test to the admitted evidence at trial. Moreover, on appeal,
appellant's contention is not supported by argument or authorities as required. Tex. R. App. P.
74(f). Nothing is presented for review. Elam v. State, 841 S.W.2d 937, 940 (Tex. App.--Austin
1992, no pet.); Hefner v. State, 735 S.W.2d 608, 626-27 (Tex. App.--Dallas 1987, pet. ref'd).

 If there was any error in overruling appellant's general objections, there was no
reversible error. The improper admission of evidence is not reversible error when the same facts
were proven by other objected-to testimony. Anderson v. State, 717 S.W.2d 622, 626-27 (Tex.
Crim. App. 1986); Miranda, 813 S.W.2d at 739. There was unobjected-to testimony that when
appellant failed to appear as alleged, a bond forfeiture was declared, and a judgment nisi entered. 
The meaning of a judgment nisi was explained and there was additional testimony as to the
issuance of citations to the sureties on the bail bond, all without objection. Point of error four is
overruled.

 The judgment of conviction is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, B. A. Smith and Onion*

Affirmed

Filed: February 9, 1994

Do Not Publish



* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. The reference is apparently to Tex. Penal Code Ann. § 12.45 (West 1974 & Supp. 1993).
2. It appears that appellant's application for certification as a teacher's aide was denied by the
Texas Education Agency. He appealed and went to Austin in connection with the appeal. He was
arrested there.
3. The burden of excusing the delay rests with the State, and if the record is silent or contains
insufficient reasons to excuse the delay, it must be presumed that no valid reason for delay
existed. Turner v. State, 545 S.W.2d 133, 137 (Tex. Crim. App. 1976).
4. Proof of motive is admissible as a circumstance indicating guilt. Harris v. State, 727
S.W.2d 537, 542 (Tex. Crim. App. 1987).