The STATE of Texas, Appellant,

v.

Rogelio Rangel HERNANDEZ, Appellee.

No. 04–91–00354–CR.

Court of Appeals of Texas,
San Antonio.

March 25, 1992.

Before CHAPA, BIERY and CARR, JJ.

OPINION

CHAPA, Justice.

Appellant, the State of Texas, appeals the trial court's dismissal of the Grand Jury Indictment for attempted capital murder and deadly assault of Merced Martinez, returned against defendant/appellee, Rogelio Rangel Hernandez.

The issue before this court is whether the trial court committed reversible error in granting the motion to dismiss on speedy trial grounds. We reverse and remand.

On February 3, 1986, defendant was incarcerated on a charge of murder, when he and a co-conspirator attempted to escape from the Webb County jail. In the process, jail guard Jose "Curly" Herrera was killed, and jail guards Merced Martinez and Jose Jesus Benevides were shot. Consequently, on February 24, 1986, three indictments were returned against the defendant for offenses which allegedly arose from the attempted jail break: 1) Bill of Indictment number 20,139 charged defendant with capital murder of Jose "Curly" Herrera; 2) Bill of Indictment number 20,140, which is the subject of this appeal, charged defendant with attempted capital murder and deadly assault of Merced Martinez; and, 3) Bill of Indictment number 20,141 charged defendant with attempted capital murder of Jose Jesus Benavides.

The transcript contains the docket sheet which reflects the following as pertains to the cause involved in this appeal:

2-24-86 —Case called. Defendant Hernandez present. Copy of indictment given to defendant by Court. Bond set at $750,000.00. Arraignment 2//27 STATE READY.

2-27-86 —Case called. Defendant not present Hernandez—attorney/defendant present. Indictment read. Defendant plead not guilty and requested a jury. Oral request for an investigator denied. M/D: 3/10 (attys objected to deadline) on court's own motion setting for hearing on change of venue—3/5.

3-5-86 —Case called as to Hernandez. Att'y/Deft's present. Hearing held on (Cause # 20,139) change of venue to Zapata. No dates given. STATE READY.

3-11-86 —[Defendant's] Motion for Extension of Time to file pre-trial motions and to prepare for trial filed.

1-19-87 —Case called. Hernandez: atty/ deft present. Jury selection—1/30. Atty Benevides relieved. STATE

READY. Audemar: deft. not present. Reset—2/13.

1-20-87 —Attys advised.

1-27-87 —Judge's office advised as of reset on Hernandez no dates given. Attys advised as D.A.

1-27-87— Motion for pre-trial hearings filed Hernandez.

\* \* \* \* \* \*

1-29-87 —Order setting date for P/T hearing filed 2/13—Hernandez.

1-30-87 —Atty advised.

2-11-88 —Audemar file transferred. Hernandez pending.

\* \* \* \* \* \*

(The State tried Co–Defendant Alberto Audemar Fareati in Jim Hogg County)

3-29-89 —[State's] Motion for Setting filed.

3-31-89 —Judge's office advised us of setting—5/12

4-3-89 —Order for setting filed-[case set for] 5/12

5-12-89 —Case called as to Hernandez. Atty/Deft present. Atty Requested Reset—5/26

5-26-89 —Case called as to Hernandez. Atty/Deft present. RESET—6/2

6-2-89 —pending—[cause number] 20,-139. Atty./Deft present.

8-8-89 —Motion of defendant's attorneys Charles R. Borchers and Teresa A. Hunter to withdraw filed.

8-24-89 —Order granting in part and denying in part motion to withdraw of defendant's attorneys Charles R. Borchers and Teresa A. Hunter filed.

8-24-89 —Atty advised.

8-24-89 —Judge's office advised us of setting 9/13.

9-8-89 —Case called as to Hernandez. Atty/Deft present. Additional atty requested by defendant—court will advise M/D 12/29 [motion deadline] PH 1/4 [pretrial hearing] JS 4/16 [jury selection]

12-29-89 —Motion for Continuance filed Hernandez.

1-2-90 —Bench warrant issued.

1-2-90 —Judge's office advised us of reset—M/D 3/23 [motion deadline] PH 4/5 [pretrial hearing] JS 4/16 [jury selection]

3-29-90 —Motion to Extend Deadlines for Motions filed.

4-5-90 —Case called as to Hernandez—Atty/Deft present. Motion for Continuance urged—no opposition. GRANTED. STATE READY.

4-13-90 —Defendant's Application for Writ of Habeas Corpus and Special Plea at Bar filed.

4-19-90 —Order—granting writ and setting hearing filed—4/24

4-23-90 —Judge's office advised of reset on HC 5/1 [Habeas Corpus] Atty advised by Judge's office.

5-3-90 —Case called as to Hernandez. Atty/Deft present. Writ of Habeas Corpus urged—The court after hearing arguments denied writ. Oral notice of appeal given.

8-6-90 —Opinion (affirmed) (A copy of said opinion is attached as Defendant's exhibit number 1, S.F. Vol. I.)

1-31-91 —Mandate

3-18-91 —Judge's office advised us of setting—M/D 5/31 [motion deadline] Conf. 6/18 [pretrial conference] P H 6/21 [pretrial hearing] JS 6/24 [jury selection]

5-1-91 —Notice to the court of objecting to reset filed.

5-3-91 —Case called as to Hernandez. Atty/Deft present. Defendant requested atty be relieved—new atty appointed M/D 5/31 [motion deadline] Conf. 6/18 [pretrial conference] P H 6/21 [pretrial hearing] JS 6/24 [jury selection]

6-18-91 —Case called as to Hernandez. Atty present. Reset—6/20/ P/T

6-20-91 —Case called as to Hernandez. Atty present. Reset—6/21 P/T

6-21-91 —Case called as to Hernandez. Atty/Deft present. P/T held rulings as per record. Case dismissed on speedy trial.

7-2-91 —[State's] Notice of appeal. Designation of record on appeal.

In addition, the record reflects that as a result of a successful motion for change of venue, indictment number 20,139 for capital murder of Herrera, was originally tried to a jury in Zapata County, Texas; that the defendant was convicted and sentenced to death on April 11, 1986; that the Texas Court of Criminal Appeals reversed and remanded the conviction in *Hernandez v. State*, 757 S.W.2d 744 (Tex.Crim.App.1988); that retrial was scheduled with jury selection on June 21, 1989; and, that on July 24, 1989, another jury again found the defendant guilty and punishment was assessed at death; that on June 5, 1991, the Texas Court of Criminal Appeals affirmed the conviction and sentence in *Hernandez v. State*, 819 S.W.2d 806 (Tex.Crim.App.1991).

The record further reflects that on April 13, 1990, defendant filed an Application for Writ of Habeas Corpus and Special Plea at Bar; that on May 3, 1990, defendant urged the habeas corpus and special pleas in both cause number 20,140 and 20,141, which were denied by the trial court; that upon appeal, this court affirmed the trial court on July 31, 1990 in *Hernandez v. State*, Nos. 04–90–00271–CR & 04–90–00272–CR (Tex.App.—San Antonio, July 31, 1990, no pet.) (not designated for publication); and, that the mandate was received January 31, 1991.

The record further reflects that during this period the State announced ready on 2/24/86, 3/5/86, and 1/19/87 in the cause which is the subject of this appeal; that the State also tried defendant's co-conspirator for an offense arising from the same incident; that the State also tried the defendant for the murder for which he had originally been incarcerated at the time of the escape; that several attorneys have been appointed for the defendant and have withdrawn; that, in fact, defendant's present attorney was originally appointed and withdrew, and was again appointed after the subsequently appointed attorney also withdrew at the request of the defendant; that on April, 30, 1991, the trial court ordered a deadline for motions for May 31, 1991, pretrial conference for June 18, 1991, pretrial hearings for June 21, 1991, and jury selection for June 24, 1991; that on March 29,

1990, defendant filed his first motion to dismiss on speedy trial grounds merely alleging that although he has been tried twice on the capital murder charge for murder of Herrera, he had not yet been tried for the cause before this court; that defendant urged his motion for dismissal for the first time at the pretrial hearing on June 21, 1991, which was three days before jury selection was scheduled in this case; and, that the trial court granted the dismissal on that date.

In *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972), the United States Supreme Court established a balancing test and listed four factors for consideration in determining whether the right to speedy trial has been denied. The non-exclusive factors are: 1) length of delay; 2) reason for delay; 3) the defendant's assertion of the rights; and, 4) prejudice resulting from the delay. *Id.; Chapman v. Evans*, 744 S.W.2d 133, 136 (Tex.Crim.App.1988).

> It has long been noted that none of these four criteria have 'talismanic qualities,' and that a showing of prejudice is not *sine qua non* to demonstrating a denial of the right of speedy trial. *Davison v. State*, 510 S.W.2d 316, 319 (Tex.Crim. App.1974). *See also Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973). These factors are to be considered together, and each case is to be judged on an *ad hoc* basis. *Barker*, [407 U.S.] at 530, 533 [92 S.Ct. at 2192, 2193]....

*Cook v. State*, 741 S.W.2d 928, 940 (Tex. Crim.App.1987), *judgm't vacated and remanded on other grounds, Cook v. Texas*, 488 U.S. 807, 109 S.Ct. 39, 102 L.Ed.2d 19 (1988) (remaining citations omitted).

■ A five year lapse from the time of arrest until the time of trial "is certainly sufficient to require the application of the balancing test of *Barker v. Wingo, supra,* and that time must be considered in determining appellant's speedy trial claim." *Easley v. State*, 564 S.W.2d 742, 744 (Tex. Crim.App.), *cert. denied*, 439 U.S. 967, 99 S.Ct. 456, 58 L.Ed.2d 425 (1978).

A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Barker*, 407 U.S. at 531, 92 S.Ct. at 2192. The burden of excusing the delay rests with the State, and if the record is silent or contains insufficient reasons to excuse the delay, it must be presumed that no valid reason for delay existed. *Turner v. State*, 545 S.W.2d 133, 137 (Tex.Crim.App.1976). It has been held that the fact that "the appellant was being prosecuted on other charges constitute[d] a valid reason for the delay in bringing him to trial." *Easley*, 564 S.W.2d at 745; *Black v. State*, 505 S.W.2d 821, 824 (Tex.Crim.App.1974).

■ The burden is upon the defendant to show that he asserted his right to a speedy trial, although he does not necessarily waive his right to a speedy trial by failing to demand a speedy trial before the trial court. Therefore, the defendant's diligence or lack thereof in asserting his right to a speedy trial is relevant and may be considered in an inquiry into the deprivation of his right. *Archie v. State*, 511 S.W.2d 942, 944 (Tex.Crim.App.1974); *Easley*, 564 S.W.2d at 745.

"The Supreme Court regards none of the four factors as either a necessary or sufficient condition to the finding of a deprivation of speedy trial" but "the factors are to be considered together, and each case is to be judged on an ad hoc basis." *Phillips v. State*, 650 S.W.2d 396, 404 (Tex.Crim.App. 1983) (Denial of State's Motion for Leave to File Motion for Rehearing). However, "[t]he crucial factor is the fourth one [prejudice to the defendant]," and *"Barker* designated three types of possible prejudice: (1) oppressive pre-trial incarceration; (2) anxiety and concern of the accused; and (3) a possibility that the defense will be im-

paired." *Id.* "Prejudice should be assessed in light of the interests which the speedy trial was designated to protect" and "[a]lthough proof of 'actual prejudice' is not required in Texas, the burden is on the defendant to make some showing of prejudice caused by the delay." *Archie*, 511 S.W.2d at 944.

■ Thus, the defendant has the burden of first showing that sufficient delay has occurred to require the application of the balancing test of *Barker*. *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192. Upon such a showing, the burden shifts to the State to justify the delay; defendant then has the burden of showing his diligent assertion of his right to a speedy trial and some prejudice resulting from the delay.

■ At the pretrial hearing on the speedy trial motion, which was three days before jury selection was scheduled, the defendant clearly established a delay requiring the application of the balancing test of *Barker*. There being no allegation that the State deliberately delayed the trial, the State justified the delay by pointing to the docket sheet entries indicating defendant's contribution to the delays with motions for continuances and replacement of attorneys; by showing that during that time, defendant was prosecuted by the State three times for murder, involving two appeals on the murder charges and a writ of habeas corpus, with the last appeal mandate being received about three weeks before the speedy trial hearing; by showing that during that time, defendant's co-conspirator was also prosecuted separately for offenses arising from the same incident, involving the same evidence and exhibits used against the defendant; by showing that the State announced ready in this case as early as 2/24/86, and that cases are set by the court in question through its coordinators; and, by contending that the defendant did not urge his right to a speedy trial until three days before the jury selection was scheduled in this case.

The defendant preserved no bill of exceptions and presented no witnesses on his behalf, relying entirely upon testimony of the assistant district attorney and several subpoenas. Defendant conceded the pretrial incarceration factor since the defendant was incarcerated for several other offenses, but insisted that had the he received a speedy trial, it would have "minimized his anxiety and concern." Defendant also introduced several issued subpoenas which indicated that the individuals subpoenaed were deceased or in Mexico. However, defendant failed to allege or show what the witnesses would have contributed favorably to the defendant's case and how the defendant was prejudiced by their absence. Instead, defendant merely argued that the absent witness *may* have helped him and *may be* in his favor. Defendant also argued strongly that judicial economy would be best served if the court would grant the motion to dismiss prior to going to the expense of trying the case on the merits under the circumstances of this case.

In granting the motion, the court's remarks reflect that it concentrated exclusively on the second factor, the justification for the delay. It is not apparent from the record that in applying the *Barker* balancing test, the court sufficiently considered whether the defendant had diligently asserted his right to a speedy trial or whether the defendant showed some prejudice caused by the delay.

Reviewing the record and considering all the factors of the *Barker* balancing test, we conclude that the court abused its discretion in granting the dismissal. While the judicial economy argument is tempting under these circumstances, the issue remains whether the balancing test was properly applied. Here, clearly the balancing test weighed heavily against the defendant. Although the delay was considerable, the State made a reasonable showing of justification for the delay, while the defendant showed very little diligence in asserting his rights and no prejudice by the delay.

The judgment is reversed, and the cause is remanded.