The STATE of Texas, Appellant,

v.

Michael DeBLANC, Appellee.

Nos. 09–92–216 CR, 09–92–217 CR, 09–92–218 CR, 09–92–219 CR, 09–92–220 CR and 09–92–221 CR.

Court of Appeals of Texas, Beaumont.

June 30, 1993.

Michael R. Little, Dist. Atty., Jerry E. Andress, First Asst. Dist. Atty., Liberty, for state.

Thomas A. Chambers, Liberty, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

The State of Texas appeals an order of dismissal with prejudice in six consolidated felony cases against Michael DeBlanc. The sole point of error avers:

The trial court erred in granting appellee's pre-trial motion to dismiss the indictments in each of the aforementioned cases. The appellee was not denied his right to a speedy trial. As guaranteed by the Sixth Amendment of the United States Constitution and Article 1, Section 10 of the Constitution of the State of Texas.

The significant events appear in chronological order as follows:

1982: DeBlanc received seven year sentence for aggravated rape.

June 1985: DeBlanc released on parole.

August 22, 1988: DeBlanc arrested on charges of aggravated sexual assault, aggravated robbery, and aggravated kidnapping. DeBlanc was in continuous custody from this date.

September 23, 1988: DeBlanc's parole revoked.

October 26, 1988: Filing of indictments now on appeal.

November 10, 1988: Veryl Brown appointed to represent DeBlanc.

December 2, 1988: Defendant transferred from Liberty County Jail to state penitentiary as result of parole revocation.

January 5, 1989: Entry of docket notation "Bench warrants to be issued." For unexplained reason, the warrants never actually issued.

July 29, 1991: DeBlanc makes a pro se request for trial or dismissal.

September 1991: DeBlanc makes written pro se motion for speedy trial requesting he be brought to Liberty County to face trial or charges be dropped.

September 30, 1991: Bench warrant issued.

October 29, 1991: DeBlanc returned to Liberty County via bench warrant.

November 25, 1991: Thomas A. Chambers appointed to represent DeBlanc.

June 17, 1992: Motion to dismiss indictments filed.

July 30, 1992: State filed motion for continuance in order to consolidate cases.

July 31, 1992: Court continued case for thirty days.

August 28, 1992: Motion to dismiss granted.

August 31, 1992: State filed notice of appeal.

September 11, 1992: Personal recognizance bonds filed.

■ We are mindful that the trial court heard the evidence presented at the hearing and resolved the factual issues in favor of the accused. As long as there is evidence in the record to support the court's ruling, we cannot reverse a judgment that was within the trial court's discretion. *See State v. Owens,* 778 S.W.2d 135 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd). A four-part balancing test is employed in determining whether an accused has been denied the right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant resulting from the delay. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

■ The length of the delay is to some extent a triggering mechanism, so that a speedy trial claim will not be heard until passage of a period of time that is prima facie unreasonable. *Harris v. State,* 827 S.W.2d 949 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992). Delay is calculated from the date of arrest. *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *Hull v. State,* 699 S.W.2d 220 (Tex.Crim.App.1985). DeBlanc was in continuous custody for the one thousand four hundred sixty-six days which elapsed from the date of arrest to the date of the speedy trial hearing. The length of the delay militates against the state in this case.

■ The state has the burden of explaining the reason for the delay. The state contends DeBlanc did not ask for a speedy trial in such a way that the state was apt to respond. This is tantamount to no explanation at all. None of the delay is attributable to DeBlanc. We find no indication in the record that defense counsel ever asked for a continuance or caused a delay for any other reason. The state argues it is at worst guilty of negligence, not malice or misconduct, so that the delay should not weigh heavily against the prosecution. Negligence is certainly a more neutral reason than deliberate misconduct. *Phillips v. State,* 650 S.W.2d 396 (Tex.Crim.App. 1983). The burden of excusing the delay rests with the state, and if the record is silent or contains insufficient reasons to excuse the delay, it must be presumed that no valid reason for the delay existed. *State v. Hernandez,* 830 S.W.2d 631 (Tex. App.—San Antonio 1992, no pet.). This factor weighs against the state.

■ The defendant must show that he asserted his right to a speedy trial, although he does not necessarily waive the right by failing to demand a speedy trial before the trial court. *Id.* at 634. The state belittles DeBlanc's assertion of his rights because no motion was made by an attorney before June 17, 1992. The record contains two pro se requests for trial or dismissal. Both are inartfully drawn. The only thing made certain in the letters is that the author wants the court to dispose of his case or have the district attorney drop the charges. The state admitted that one letter came to the attention of both the court and the prosecutor and as a direct result of that letter a bench warrant for DeBlanc issued on September 30, 1991. Although DeBlanc was transferred to Liberty County Jail a month later, and new counsel was appointed one month after that, the first docket call was in June and in July the state moved for a continuance. The trial court impliedly found that DeBlanc asserted his right to a speedy trial. This factor militates against the state.

■ In determining whether the accused has been prejudiced by the delay, we con-

sider the purposes behind the right to a speedy trial: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense has been impaired. *Phillips,* 650 S.W.2d at 401. The effects identified by DeBlanc in his brief are: (1) he has felt depressed and let down; (2) his parole was revoked "because of these charges" (not necessarily because of the delay, though); (3) he has been unable to talk to witnesses; (4) it is hard for him to defend himself because of the lapse of 1466 days; (5) he has experienced sleepless nights worrying about the charges; (6) he does not know the whereabouts of defense witnesses; (7) he will not get jail credit for all the time he has spent in jail because a detainer was not put on him until June 24, 1991, almost three years after his arrest; (8) his chance for an earlier parole was harmed due to the prejudicial effect of these pending charges; (9) he has thought about these charges every day. While DeBlanc did testify to these effects, he did so in a conclusory manner, void of detail or supporting documentation. Had the trial court denied the motion for speedy trial, we would not hold that DeBlanc's testimony to the prejudice caused by the delay required the trial court to grant the motion. We must keep in mind that the motion was presented to the trial court, not this Court, and the trial court in granting the motion presumably found those facts to be true which support his ruling. DeBlanc testified under oath that it had been so long that he had no idea where to find his witnesses. The state argues that since DeBlanc's parole was revoked, he would have been incarcerated anyway. *Russell v. Lynaugh,* 892 F.2d 1205 (5th Cir.1989), *cert. denied,* — U.S. ——, 111 S.Ct. 2909, 115 L.Ed.2d 1073 (1991). We agree that the situation could be worse. Nevertheless, DeBlanc testified that his prison release was affected by the state's failure to bring him to trial. We find that DeBlanc made a showing of some prejudice, and ultimately this factor balances in his favor as well.

■ We find the trial court did not abuse its discretion in dismissing the indictments for violation of the speedy trial provisions of the state and federal constitutions. The point of error is overruled. We affirm the judgment of the trial court.

AFFIRMED.