davidson 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00236-CR







The State of Texas, Appellant



v.



Norman Gail Davidson, Appellee







NO. 03-95-00237-CR







The State of Texas, Appellant



v.



David Lee Davidson, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NOS. 18,304 & 18,303, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







 Appellees David Davidson and Norman Davidson were charged by separate
indictments on August 18, 1992, with organized criminal activity. Act of May 27, 1991, 72nd
Leg., R.S., ch. 555, § 1, 1991 Tex. Gen. Laws 1968, 1968-69 (Tex. Penal Code § 71.02, since
amended). On March 31, 1995, at the first pretrial hearing following the return of the indictment,
the trial court granted appellees' motions to dismiss the indictments for failure to afford a speedy
trial. The State appeals the dismissals. See Tex. Code Crim. Proc. Ann. art. 44.01 (West Supp.
1996). We will affirm the trial court's orders of dismissal.

 Before considering the State's point of error, we must address two preliminary
claims by appellees. (1) First, appellees challenge this Court's jurisdiction on the grounds that article
44.01 of the Texas Code of Criminal Procedure, which gives the State the right of appeal in
criminal cases, is unconstitutional. Tex. Code Crim. Proc. Ann. art. 44.01 (West Supp. 1996). 
They assert that this statutory mechanism violates article 1, section 19 (due process) and article
2 (separation of powers) of the Texas Constitution. We need not reach these arguments, however,
as the Texas Constitution was amended to correspond with article 44.01 by giving the State
authority to appeal in criminal cases. Tex. Const. art. V, § 26. We therefore have jurisdiction
to hear this appeal.

 Appellees' next contention is that the State's entire brief should be stricken because
it relies on an unpublished opinion of this Court in violation of Texas Rules of Appellate
Procedure 90(i). See Carlisle v. Philip Morris Inc., 805 S.W.2d 498, 501 (Tex. App.--Austin
1991, writ denied) (striking portions of defendant's brief that consisted of unpublished orders and
judgments of other courts on grounds that they cannot be legal precedent under Rule 90(i)). The
State begins its brief by stating its intention to rely on an overview of speedy trial law as set out
in an unpublished opinion of this Court, Castilla v. State, No. 3-91-331-CR (Tex. App.--Austin,
February 9, 1994, pet. ref'd) (not designated for publication). While it would be proper to strike
any portion of the brief that relies on Castilla, the State does not cite it as authority anywhere in
the brief; it is unclear why the State even mentioned it. Because the State relies on valid authority
for its arguments, we reject appellees' contention that the State's entire brief should be stricken.

 We now consider the State's claim that the trial court erred in granting appellees' (2)
motions to dismiss for failure to provide a speedy trial. The right to a speedy trial is guaranteed
by the Sixth Amendment to the federal constitution, as applied to the states by the Fourteenth
Amendment. See Barker v. Wingo, 407 U.S. 514, 515 (1972). The right is also assured by
article I, section 10 of the state constitution and by article 1.05 of the Texas Code of Criminal
Procedure. Tex. Code Crim. Proc. Ann. art. 1.05 (West 1977). In determining whether an
accused has been denied the right to a speedy trial, "we cannot definitely say how long is too long
in a system where justice is supposed to be swift but deliberate." Barker, 407 U.S. at 521. 
Instead, we weigh the rights of the accused against the interests of the State by balancing four
factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of
the right; and (4) the prejudice to the defendant resulting from the delay. (3) Id. at 530. None of
the four factors alone determines whether a defendant has been deprived of a speedy trial; rather,
they are to be considered together and applied ad hoc to each cause. Phillips v. State, 650
S.W.2d 396, 404 (Tex. Crim. App. 1983); State v. Hernandez, 830 S.W.2d 631, 634 (Tex.
App.--San Antonio 1992, no pet.).



Length of Delay 

 To trigger application of the Barker balancing test, the defendant must show
"presumptively prejudicial" delay. Barker, 407 U.S. at 528. How much delay is detrimental
varies with each case, but it is usually found to be prejudicial "as it approaches one year." Id.
at 528, n.1. The length of delay is measured from the time the defendant is formally accused or
arrested, as that is when the Sixth Amendment right to a speedy trial applies. U.S. v. Marion,
404 U.S. 307, 313 (1971).

 Here appellees were arrested on June 23, 1992, and the indictments were returned
on August 18, 1992. Trial on the merits was first scheduled for October 31, 1994, two years and
four months from the date of arrest and two years and two months from the date of indictment. 
The record does not reflect any request by the State for a trial setting prior to that time. Counsel
for David Lee Davidson requested a continuance from the October 31 trial date and from the
second setting on January 30, 1995; his requests were based on conflicting trials and the need for
preparation time. (4) The State did not oppose either request and postponed Norman Davidson's trial
so that the two defendants could be tried together. The trial was then set for April 10, 1995. On
March 21, 1995, a contemporaneous civil suit against appellees was dismissed for want of
prosecution. Subsequently at the pretrial hearing on March 31, 1995, the trial court granted
Norman Davidson's motion to dismiss for failure to afford a speedy trial. That same day David
Davidson moved to join the motion to dismiss; because the issues were identical his indictment
was also dismissed.

 The indictments were dismissed more than two years and two months after the
formal accusation. We hold that this delay is sufficient to require the application of the remaining
factors of the Barker balancing test.



Reason for Delay

 At this stage, the burden of excusing the delay rests with the State, and if the record
is silent or contains insufficient reasons to excuse the delay, it must be presumed that no valid
reason for delay existed. Turner v. State, 545 S.W.2d 133, 137 (Tex. Crim. App. 1976). The
State asserts two reasons for its delay in prosecution of these causes: (1) that the county was
served by only one prosecutor who complied with his statutory duty to prosecute those accused
who were incarcerated before prosecuting these appellees who were out on bond; and (2) that
appellees had filed two motions for continuance, thus sharing blame for the delay.

 It is not the defendant but the State which has the responsibility of bringing a case
to trial. Barker, 407 U.S. at 527. There is no indication that the State attempted to bring the case
to trial sooner than two years and two months after the indictments were issued, and the State
offered no reason or excuse for the delay. Nor did it object to either of appellees' motions for
continuance. In addition, the Supreme Court has noted that while negligence or overcrowded
courts are relatively neutral reasons for delay, they should still be weighed against the State,
because of the State's ultimately responsibility for such circumstances. Id. at 531. Therefore,
the State bears responsibility for this lengthy delay in bringing appellees to trial.



Assertion of Right to Speedy Trial

 At this stage the burden shifts back to a defendant to show assertion of his right to
a speedy trial. Hernandez, 830 S.W.2d at 634. However, this is only one factor to consider in
determining if one's constitutional right has been violated. Phillips, 650 S.W.2d at 401. The
State argues that appellees did not assert their right to a speedy trial until the day the cases were
dismissed, implying that this should weigh against finding a deprivation of their right to a speedy
trial. We are not persuaded by the State's argument. The Barker court specifically noted that the
right to a speedy trial is "unique in its uncertainty as to when and under what circumstances it
must be asserted . . . ." Barker, 407 U.S. at 529. For that reason, it announced that as a rule
it is the court's and prosecutor's burden to assure that cases are brought to trial. Id. In that light,
the accuseds' motion to dismiss satisfies their burden of showing diligence in asserting their
constitutional right to a speedy trial.



Prejudice Resulting from Delay

 Proof of actual prejudice is not required but the defendant has the burden to make
some showing of prejudice resulting from the delay. Archie v. State 511 S.W.2d 942, 944 (Tex.
Crim. App. 1974). "Barker designated three types of possible prejudice from a delayed
prosecution: (1) oppressive pre-trial incarceration; (2) anxiety and concern of the accused; and
(3) a possibility that the defense will be impaired." Phillips, 650 S.W.2d at 404. Appellees here
asserted only the possibility that their defense would be impaired.



THE COURT: Your [sic] claiming specific prejudice because you no longer have
your witnesses that would have been available had this been timely prosecuted. Is
that what you're telling me?


COUNSEL FOR APPELLEE: Yes, Sir.


 The State's response to this claimed difficulty was to agree that this was a complex
case, but that it was just as complex for the State as for the defense. Additionally the State
asserted that its "open file" policy would cure any difficulty occasioned by the delay.

 "Excessive delay presumptively compromises the reliability of a trial in ways that
neither party can prove or, for that matter, identify." Doggett, 505 U.S. at ___, 120 L. Ed. 2d
at 531. The State concedes that this is a complex case for both sides. Two years and two months
after the indictment, it would undoubtedly be difficult to collect witnesses and evidence
effectively. Appellees need only make some showing that the delay has been prejudicial, and a
court may find that the delay has prejudiced a defendant to the extent that even if the State were
"belatedly ready to move promptly," the defendant would still be prejudiced. Phillips, 650
S.W.2d at 401. Appellees' claim that their witnesses will not be available to testify is sufficient
for some showing of prejudice due to the lengthy delay.

 We hold that the trial court did not abuse its discretion when it concluded that
appellees' right to a speedy trial had been violated. We therefore affirm the orders dismissing the
indictments with prejudice.



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed on Both Causes

Filed: March 6, 1996

Do Not Publish
1.   Because this Court is required to follow the rulings of the Court of Criminal Appeals,
we decline to address appellee's argument that Meshell v. State, 739 S.W.2d 246 (Tex. Crim.
App. 1987), which overruled the Texas Speedy Trial Act, was wrongly decided.
2.   Norman Davidson filed the motion to dismiss and it was granted. David Davidson then
moved to join the motion. Given that the cases were identical, his indictment was dismissed
without argument.
3.   The state constitutional right to a speedy trial is independent of the federal right but the 
same balancing test is used to determine whether a defendant has been denied either. Harris v.
State, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992). 
4.   After a twenty-six month delay, appellees were given three weeks' notice of the trial
date.



P="BR2">
Assertion of Right to Speedy Trial

 At this stage the burden shifts back to a defendant to show assertion of his right to
a speedy trial. Hernandez, 830 S.W.2d at 634. However, this