TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00346-CR







Adan Garcia, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR96-102, HONORABLE WILLIAM BENDER, JUDGE PRESIDING







After his pretrial motion to dismiss for lack of a speedy trial was overruled,
appellant Adan Garcia pleaded guilty to felony driving while intoxicated. Tex. Penal Code Ann.
§§ 49.04(a), 49.09(b) (West Supp. 1998). The district court adjudged appellant guilty and,
pursuant to a plea bargain, sentenced him to imprisonment for six years. The propriety of the
court's ruling on the speedy trial motion is the sole issue on appeal. We address this issue without
the benefit of a brief from the State.

A criminal defendant's right to a speedy is guaranteed by both the United States and
Texas constitutions. Barker v. Wingo, 407 U.S. 514 (1972); Hull v. State, 699 S.W.2d 220, 221
(Tex. Crim. App. 1986); U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10. Appellate
review of a trial court's decision to grant or deny a speedy trial claim is conducted de novo. 
Johnson v. State, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997). In conducting this review, we
must balance four factors: (1) length of the delay, (2) reason for the delay, (3) assertion of the
right, and (4) prejudice to the accused. Barker, 407 U.S. at 530; Johnson, 954 S.W.2d at 771.

Length of delay. Appellant was arrested for this offense on February 26, 1996,
and indicted April 10. Appellant filed his motion to dismiss on March 31, 1997. The motion was
heard and overruled on April 15, and appellant was tried on May 1.

Reason for the delay. The State bears the burden of justifying the delay, and if
the record is silent it must be presumed that no valid reason for delay existed. Turner v. State,
545 S.W.2d 133, 137 (Tex. Crim. App. 1976). At the hearing on appellant's motion, the State
offered no evidence specifically addressing the reason for the delay of appellant's trial. The
record does reflect that appellant was imprisoned in March 1996 on a Bexar County conviction. 
The assistant district attorney testified that he first became aware of this cause in February 1997,
and promptly obtained a bench warrant for appellant's return to Comal County.

Assertion of the right. The defendant must show that he diligently asserted his
right to a speedy trial. State v. Hernandez, 830 S.W.2d 631, 635 (Tex. App.--San Antonio 1992,
no pet.). Appellant testified that he wrote a letter of inquiry to the Comal County district attorney
in September 1996. There is no record of this letter. Appellant testified that he wrote a second
letter to the district attorney in November 1996. A copy of this letter was introduced in evidence. 
In it, appellant requested a speedy trial of any charges pending against him in Comal County. The
prosecutor testified that he never saw this letter and there is no record that it was received. On
December 28, 1996, appellant wrote a letter to the district attorney but addressed it to the district
clerk. In the letter, which was received and filed by the clerk, appellant refers to his February
1996 arrest and indicates his desire to promptly dispose of the matter by plea bargain. The
prosecutor testified that this letter was not brought to his attention. Finally, appellant mailed a
letter to the district attorney on February 17, 1997. The text of this letter is similar to the
December letter. It was the February letter that caused the State to return appellant to Comal
County for trial.

Prejudice. The defendant also bears the burden of showing prejudice as a result
of the delay. Id. At the hearing, appellant testified that he experienced "headaches and loss of
sleep and, well, worrying about what was going to happen [in this cause]." Appellant also
testified that since his arrest, a coworker with whom he spent the day of his arrest and who could
testify regarding his sobriety had moved to Georgia.

Balancing these factors, we believe that the fourteen-month delay between arrest
and trial, while not extraordinarily long, is sufficient to trigger speedy trial analysis. Because the
State offered no explanation for the delay, it must be assumed that no valid reason for delay
existed. Turner, 545 S.W.2d at 137. On the other hand, appellant waited at least seven months
before asserting his right to a speedy trial. While we acknowledge that appellant was in prison
and acting pro se, he never addressed a request for a speedy trial to the prosecutor or trial court
until February 1997, one year after his arrest. Further, there is scant evidence of prejudice as a
result of the delay. Appellant was in prison on an unrelated conviction, and therefore his
incarceration pending trial of this cause cannot be attributed to the delay. The headaches,
sleeplessness, and general worry to which appellant vaguely testified can be attributed as much
to the mere fact of pending charges as to the delay of the trial itself. And while appellant
complained of a lost witness, he did not show that this loss could have been avoided had his trial
not been delayed. Appellant testified that he did not know the witness's Texas address and that
efforts to locate the witness had been unsuccessful even before the witness moved to Georgia. 
Considering all the circumstances shown, we conclude that the district court did not err by
overruling the motion to dismiss for lack of a speedy trial. The points of error are overruled.

The judgment of conviction is affirmed.




 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: November 19, 1998

Do Not Publish



eview, we
must balance four factors: (1) length of the delay, (2) reason for the delay, (3) assertion of the
right, and (4) prejudice to the accused. Barker, 407 U.S. at 530; Johnson, 954 S.W.2d at 771.

Length of delay. Appellant was arrested for this offense on February 26, 1996,
and indicted April 10. Appellant filed his motion to dismiss on March 31, 1997. The motion was
heard and overruled on April 15, and appellant was tried on May 1.

Reason for the delay. The State bears the burden of justifying the delay, and if
the record is silent it must be presumed that no valid reason for delay existed. Turner v. State,
545 S.W.2d 133, 137 (Tex. Crim. App. 1976). At the hearing on appellant's motion, the State
offered no evidence specifically addressing the reason for the delay of appellant's trial. The
record does reflect that appellant was imprisoned in March 1996 on a Bexar County conviction. 
The assistant district attorney testified that he first became aware of this cause in February 1997,
and promptly obtained a bench warrant for appellant's return to Comal County.

Assertion of the right. The defendant must show that he diligently asserted his
right to a speedy trial. State v. Hernandez, 830 S.W.2d 631, 635 (Tex. App.--San Antonio 1992,
no pet.). Appellant testified that he wrote a letter of inquiry to the Comal County district attorney
in September 1996. There is no record of this letter. Appellant testified that he wrote a second
letter to the district attorney in November 1996. A copy of this letter was introduced in evidence. 
In it, appellant requested a speedy trial of any charges pending against him in Comal County. The
prosecutor testified that he never saw this letter and there is no record that it was received. On
December 28, 1996, appellant wrote a letter to the district attorney but addressed it to the district
clerk. In the letter, which was received and filed by the clerk, appellant refers to his February
1996 arrest and indicates his desire to promptly dispose of the matter by plea bargain. The
prosecutor testified that this letter was not brought to his attention. Finally, appellant mailed a
letter to the district attorney on February 17, 1997. The text of this letter is similar to the
December letter. It was the February letter that caused the State to return appellant to Comal
County for trial.

Prejudice. The defendant also bears the burden of showing prejudice as a result
of the delay. Id. At the hearing, appell