# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-99-00790-CR

**Marisa Evette Lingle, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
### NO. CR4875, HONORABLE GUILFORD JONES, JUDGE PRESIDING

A jury found appellant Marisa Evette Lingle guilty of negligently causing serious bodily injury to a child. *See* Act of May 27, 1991, 72d Leg., R.S., ch. 497, § 1, 1991 Tex. Gen. Laws 1742 (Tex. Penal Code Ann. § 22.04(a)(1), since amended). The jury assessed punishment at incarceration for one year and a $4000 fine. *See* Act of May 29, 1989, 71st Leg., R.S., ch. 357, § 1, 1989 Tex. Gen. Laws 1441, 1442 (Tex. Penal Code Ann. § 22.04(g), since amended). In her sole point of error, appellant contends she was denied her constitutional right to a speedy trial. We will overrule this contention and affirm the district court's judgment.

A criminal defendant's right to a speedy trial is guaranteed by both the United States and Texas constitutions. *Barker v. Wingo*, 407 U.S. 514 (1972); *Hull v. State*, 699 S.W.2d 220, 221 (Tex. Crim. App. 1986); U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10. Appellate review of a trial court's decision to grant or deny a speedy trial claim is conducted de novo. *Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997). In conducting this review, we must balance

four factors: (1) length of the delay, (2) reason for the delay, (3) assertion of the right, and (4) prejudice to the accused. *Barker*, 407 U.S. at 530; *Johnson*, 954 S.W.2d at 771.

**Length of delay.** The offense took place in April 1994, but appellant was not indicted until February 1996. *See Rivera v. State*, 990 S.W.2d 882, 889 (Tex. App.—Austin 1999, pet. ref'd) (for speedy trial purposes, length of delay measured from time defendant arrested or formally charged). Appellant filed her first motion to dismiss for want of a speedy trial in October 1998. No action was taken on this motion, but the indictment was dismissed on the State's motion the following month. Appellant was reindicted in December 1998. Appellant again moved to dismiss on speedy trial grounds in March 1999. This motion was heard and overruled on May 14. Appellant's trial began on November 8, 1999.

**Reason for the delay.** The State bears the burden of justifying the delay, and if the record is silent it must be presumed that no valid reason for delay existed. *Turner v. State*, 545 S.W.2d 133, 137 (Tex. Crim. App. 1976). At the hearing on appellant's motion, the State offered no evidence addressing the reason for the delay of appellant's trial.

**Assertion of the right.** The defendant must show that she diligently asserted her right to a speedy trial. *State v. Hernandez*, 830 S.W.2d 631, 635 (Tex. App.—San Antonio 1992, no pet.). The two motions to dismiss were appellant's only assertions of the speedy trial right.

**Prejudice.** The defendant also bears the burden of showing prejudice as a result of the delay. *Id*. At the hearing, appellant testified that she lost custody of her children in 1994. The children were placed in her parents' home, and she is not permitted to see them alone. Appellant also suspected that the pending indictments had caused potential employers to avoid hiring her, although

2

she did not "know for a fact." Appellant also noted that she had been required to report to a probation officer weekly as a condition of bail. Finally, appellant testified that a potential defense witness, a great uncle, had died while the case was pending. Appellant explained that she believed that her child's symptoms were the result of an inherited seizure disorder with which both she and her great uncle had been diagnosed. She acknowledged that other witnesses were familiar with her uncle's medical condition, but she was not sure whether they would be available to testify.

**Balancing factors.** The almost four-year delay between the filing of the first indictment and appellant's trial was sufficient to trigger speedy trial analysis. Because the State offered no explanation for the delay, it must be presumed that no valid reason existed. *Turner*, 545 S.W.2d at 137. On the other hand, appellant waited almost three years before filing her first motion to dismiss and there is no evidence that appellant ever sought a speedy *trial*, as opposed to a dismissal. Appellant's trial began less than one year after the new indictment was returned, and thirteen months after she first moved to dismiss.

There is little evidence of prejudice resulting from the delay. Appellant lost custody of her children as a result of an investigation by child protective services workers, not as a result of the pending criminal accusation. Appellant concedes that she was not incarcerated pending trial, and she offered no evidence to support her suspicion that she had lost job opportunities as a result of the pending indictments. The necessity to report to the probation office was an inconvenience, but it was far less prejudicial than incarceration pending trial. While the death of her great uncle deprived appellant of a potential defense witness, there was no showing that he was the only witness through

whom appellant could present her medical defense. To the contrary, the record suggests that other witnesses were available.

Considering all the circumstances shown, we conclude that the district court did not err by overruling the motion to dismiss. The point of error is overruled.

The judgment of conviction is affirmed.


_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   August 30, 2001

Do Not Publish