# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00340-CR

**The State of Texas, Appellant**

**v.**

**Gustavo Santiago Soto, Appellee**

### FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY
### NO. 01-01735, HONORABLE DAVID B. READ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State appeals an order granting appellee Gustavo Santiago Soto=s amended motion to dismiss for failing to provide a speedy trial. The dismissed information accuses Soto of evading arrest. *See* Tex. Pen. Code Ann. ' 38.04 (West Supp. 2003). We will reverse the court=s order and remand the cause for trial.

The right to a speedy trial is constitutionally guaranteed. U.S. Const. amend. VI; Tex. Const. art. I, ' 10; *see Barker v. Wingo*, 407 U.S. 514 (1972); *Hull v. State*, 699 S.W.2d 220, 221 (Tex. Crim. App. 1986).[1] Appellate review of a trial court=s decision to grant or deny a speedy trial claim is conducted de novo. *Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997). In conducting this

---

[1] Soto=s motion also cited the defunct speedy trial act. *See* Tex. Code Crim. Proc. Ann. art. 32A.02 (West 1989); *Meshell v. State*, 739 S.W.2d 246, 257 (Tex. Crim. App. 1987) (speedy trial act is unconstitutional).

review, we must balance four factors: (1) length of the delay, (2) reason for the delay, (3) assertion of the right, and (4) prejudice to the accused. *Barker*, 407 U.S. at 530; *Johnson*, 954 S.W.2d at 771.

**Length of delay.** For speedy trial purposes, the length of delay is measured from the date the defendant is arrested or formally charged. *Rivera v. State*, 990 S.W.2d 882, 889 (Tex. App.CAustin 1999, pet. ref=d). Soto was arrested on February 13, 2000, and released on bond. The information was not filed until July 2, 2001. The cause was set for arraignment on October 3, 2001, but was postponed. There were several more postponements preceding February 18, 2002, when Soto filed his original motion to dismiss. The amended motion was filed March 14, 2002, and the hearing was conducted the following day.

The State concedes that the delay in this cause is sufficient to trigger a full *Barker* analysis. *See Doggett v. United States*, 505 U.S. 647, 651-52 (1992). Because the delay here stretched well beyond the minimum needed to trigger the inquiry, this factor weighs heavily against the State. *Zamorano v. State*, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002).

**Reason for delay.** The only witnesses to testify at the hearing were the attorneys for Soto and the State. The prosecutor could not explain the delay between Soto=s arrest and the filing of the information, and we must presume that no valid reason for this delay existed. *See Turner v. State*, 545 S.W.2d 133, 137 (Tex. Crim. App. 1976) (State bears burden of justifying delay; if record is silent, it must be presumed that no valid reason for delay existed). The delay of arraignment and all subsequent resettings were at Soto=s request.

**Assertion of right.**  The responsibility to assert the right to a speedy trial lies with the accused.  *Barker*, 407 U.S. at 531; *State v. Hernandez*, 830 S.W.2d 631, 635 (Tex. App.CSan Antonio 1992, no pet.).  Soto never directly demanded a speedy trial, and he did not assert his speedy trial right in any manner until he moved to dismiss in March 2002.  He sought to excuse his failure to request a speedy trial prior to July 2001 on the ground that no information had been filed.  This Court has noted, however, that an accused can file a motion to dismiss or otherwise seek the prompt disposition of an accusation before a formal charging instrument is filed.  *See Sinclair v. State*, 894 S.W.2d 437, 440 (Tex. App.C1995, no pet.).  Even after the information was filed, Soto did not move to dismiss for another eight months.  This factor weighs against Soto.

**Prejudice to defense.**  The speedy trial right serves to prevent oppressive pretrial incarceration, minimize anxiety and concern resulting from the pending charges, and limit the possible impairment of the defense.  *Barker*, 407 U.S. at 532.  We assess the prejudice factor in light of these interests.  *Id*.  The defendant bears the burden of showing prejudice as a result of the delay.  *Hernandez*, 830 S.W.2d at 635.

Soto was released on bond immediately after his arrest and thus experienced no pretrial incarceration.  There is no evidence that Soto suffered any anxiety or concern as a result of the pending charge.  Although excessive delay presumptively compromises the defense, this presumption is extenuated when, as in this cause, the accused acquiesces in all or part of the delay.  *Doggett*, 505 U.S. at 655-58.  As to specific prejudice to the defense, Soto=s counsel testified that he had been told by Soto that Ahe had left a particular place somewhat earlier than the arrest@ and that the delay had made it Anext to impossible@

3

to find Athose particular witnesses.@ Counsel did not describe the steps he had taken to find these witnesses. There is no evidence that these witnesses saw the events giving rise to the evading arrest charge, and counsel did not suggest how they might benefit the defense. We conclude that Soto failed to demonstrate significant prejudice.

**Balancing.** The seventeen-month delay between Soto=s arrest and the filing of the information weighs heavily against the State. Soto failed, however, to demonstrate that he asserted his speedy trial right during this period. Moreover, the cause was reset repeatedly at Soto=s request after the information was filed. Soto did not assert his speedy trial right until he filed his first motion to dismiss two years following his arrest and eight months after the filing of the information. Finally, Soto suffered no evident prejudice as a result of the State=s delay. On balance, we conclude that the four factors weigh against a finding that Soto=s constitutional speedy trial right was violated. The State=s point of error is sustained.

We reverse the dismissal order and remand the cause to the trial court with the direction to reinstate the information.

David Puryear, Justice

Before Justices Yeakel, Patterson and Puryear

Reversed and Remanded

**4**

Filed:   March 13, 2003

Do Not Publish