TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00340-CR






The State of Texas, Appellant



v.



Gustavo Santiago Soto, Appellee







FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY


NO. 01-01735, HONORABLE DAVID B. READ, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



The State appeals an order granting appellee Gustavo Santiago Soto's amended
motion to dismiss for failing to provide a speedy trial. The dismissed information accuses Soto of
evading arrest. See Tex. Pen. Code Ann. § 38.04 (West Supp. 2003). We will reverse the court's
order and remand the cause for trial.

The right to a speedy trial is constitutionally guaranteed. U.S. Const. amend. VI; Tex.
Const. art. I, § 10; see Barker v. Wingo, 407 U.S. 514 (1972); Hull v. State, 699 S.W.2d 220, 221
(Tex. Crim. App. 1986). (1) Appellate review of a trial court's decision to grant or deny a speedy trial
claim is conducted de novo. Johnson v. State, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997). In
conducting this review, we must balance four factors: (1) length of the delay, (2) reason for the delay,
(3) assertion of the right, and (4) prejudice to the accused. Barker, 407 U.S. at 530; Johnson, 954
S.W.2d at 771.

Length of delay. For speedy trial purposes, the length of delay is measured from the
date the defendant is arrested or formally charged. Rivera v. State, 990 S.W.2d 882, 889 (Tex.
App.--Austin 1999, pet. ref'd). Soto was arrested on February 13, 2000, and released on bond. The
information was not filed until July 2, 2001. The cause was set for arraignment on October 3, 2001,
but was postponed. There were several more postponements preceding February 18, 2002, when
Soto filed his original motion to dismiss. The amended motion was filed March 14, 2002, and the
hearing was conducted the following day. 

The State concedes that the delay in this cause is sufficient to trigger a full Barker
analysis. See Doggett v. United States, 505 U.S. 647, 651-52 (1992). Because the delay here
stretched well beyond the minimum needed to trigger the inquiry, this factor weighs heavily against
the State. Zamorano v. State, 84 S.W.3d 643, 649 (Tex. Crim. App. 2002).

Reason for delay. The only witnesses to testify at the hearing were the attorneys for
Soto and the State. The prosecutor could not explain the delay between Soto's arrest and the filing
of the information, and we must presume that no valid reason for this delay existed. See Turner v.
State, 545 S.W.2d 133, 137 (Tex. Crim. App. 1976) (State bears burden of justifying delay; if record
is silent, it must be presumed that no valid reason for delay existed). The delay of arraignment and
all subsequent resettings were at Soto's request.

Assertion of right. The responsibility to assert the right to a speedy trial lies with
the accused. Barker, 407 U.S. at 531; State v. Hernandez, 830 S.W.2d 631, 635 (Tex. App.--San
Antonio 1992, no pet.). Soto never directly demanded a speedy trial, and he did not assert his speedy
trial right in any manner until he moved to dismiss in March 2002. He sought to excuse his failure
to request a speedy trial prior to July 2001 on the ground that no information had been filed. This
Court has noted, however, that an accused can file a motion to dismiss or otherwise seek the prompt
disposition of an accusation before a formal charging instrument is filed. See Sinclair v. State, 894
S.W.2d 437, 440 (Tex. App.--1995, no pet.). Even after the information was filed, Soto did not
move to dismiss for another eight months. This factor weighs against Soto.

Prejudice to defense. The speedy trial right serves to prevent oppressive pretrial
incarceration, minimize anxiety and concern resulting from the pending charges, and limit the
possible impairment of the defense. Barker, 407 U.S. at 532. We assess the prejudice factor in light
of these interests. Id. The defendant bears the burden of showing prejudice as a result of the delay. 
Hernandez, 830 S.W.2d at 635.

Soto was released on bond immediately after his arrest and thus experienced no
pretrial incarceration. There is no evidence that Soto suffered any anxiety or concern as a result of
the pending charge. Although excessive delay presumptively compromises the defense, this
presumption is extenuated when, as in this cause, the accused acquiesces in all or part of the delay. 
Doggett, 505 U.S. at 655-58. As to specific prejudice to the defense, Soto's counsel testified that
he had been told by Soto that "he had left a particular place somewhat earlier than the arrest" and
that the delay had made it "next to impossible" to find "those particular witnesses." Counsel did not
describe the steps he had taken to find these witnesses. There is no evidence that these witnesses
saw the events giving rise to the evading arrest charge, and counsel did not suggest how they might
benefit the defense. We conclude that Soto failed to demonstrate significant prejudice.

Balancing. The seventeen-month delay between Soto's arrest and the filing of the
information weighs heavily against the State. Soto failed, however, to demonstrate that he asserted
his speedy trial right during this period. Moreover, the cause was reset repeatedly at Soto's request
after the information was filed. Soto did not assert his speedy trial right until he filed his first motion
to dismiss two years following his arrest and eight months after the filing of the information. Finally,
Soto suffered no evident prejudice as a result of the State's delay. On balance, we conclude that the
four factors weigh against a finding that Soto's constitutional speedy trial right was violated. The
State's point of error is sustained.

We reverse the dismissal order and remand the cause to the trial court with the
direction to reinstate the information.



 

 David Puryear, Justice

Before Justices Yeakel, Patterson and Puryear

Reversed and Remanded

Filed: March 13, 2003

Do Not Publish
1. Soto's motion also cited the defunct speedy trial act. See Tex. Code Crim. Proc. Ann. art.
32A.02 (West 1989); Meshell v. State, 739 S.W.2d 246, 257 (Tex. Crim. App. 1987) (speedy trial
act is unconstitutional).