**The STATE of Texas, Appellant,**

v.

**Stephanie VASQUEZ, Appellee.**

**No. 04–96–00307–CR.**

Court of Appeals of Texas, San Antonio.

Nov. 27, 1996.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for Appellant.

Joe A. Pina, San Antonio, for Appellee.

Before RICKHOFF, GREEN and DUNCAN, JJ.

## OPINION

RICKHOFF, Justice.

The State of Texas appeals from the trial court's granting a motion to suppress due to a pretextual stop. Because the pretext doctrine has ceased to exist, we reverse and remand for trial.

### FACTS

On the night of September 2, 1995, Stephanie Vasquez was stopped by two officers of the Windcrest Police Department. It is undisputed that the officers were working with the Bexar County DWI task force at the time.

The officers testified that they were driving toward Ms. Vasquez' oncoming car when they noticed that the light illuminating her rear license plate was not working.[1] When they approached the driver, they noticed a strong odor of intoxicants coming both from the car and from Vasquez' breath. After a field sobriety test, Vasquez was arrested, charged with driving while intoxicated, and given a warning regarding the defective license plate light.

At the hearing on the motion to suppress, the trial court first brought both officers into the courtroom so he could explain his ruling to them, then ordered the evidence suppressed because the stop constituted a pretextual stop without probable cause.[2] The state appeals, arguing that the judge failed to properly apply the law to the facts of the case. The state particularly urged at oral argument that uniform and correct rulings are necessary in our trial courts, where police-citizen encounters are so routinely reviewed.

## STANDARD OF REVIEW

When reviewing determinations of probable cause in situations involving warrantless searches, we are confronted by two decisions that mandate application of what appear to be conflicting standards of review. We believe these standards do not so much conflict as use different terms to reach the same conclusion.

In *Ornelas v. United States*, —— U.S. ——, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996) the U.S. Supreme Court held that reviewing courts generally should apply a *de novo* standard of review to the trial court's determination of probable cause. The Court added that reviewing courts engaged in this *de novo*

review should be careful "both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers."[3] *Ornelas*, —— U.S. at ——, 116 S.Ct. at 1663.

The Texas Court of Criminal Appeals has held that courts of appeals should review the trial court's determination in these matters on an abuse of discretion standard, not *de novo*. *DuBose v. State*, 915 S.W.2d 493 (Tex. Crim.App.1996). However, the *DuBose* court also noted that the court of appeals "must be deferential to the trial court's judgment, not only as to historical facts, but also as to the legal conclusions to be drawn from the historical facts—at least so long as it appears the trial court has applied the correct standard of law to those historical facts." *DuBose*, 915 S.W.2d at 497.

These decisions are consistent in treatment of determinations by a trial court of historical fact; both mandate substantial deference to the factfinder. *See State v. Rivenburgh*, 933 S.W.2d 698, 701 fn. 2 (Tex.App.—San Antonio 1996). We hold today that the decisions are also consistent in their treatment of conclusions to be drawn from those historical facts, and deploy the standard as set forth in *DuBose*; i.e., a trial court has no "discretion" in deciding what the law is or applying it to the facts. *See also Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

## PRETEXT FOR ARREST

■■ A pretextual stop is one effectuated for an ulterior motive. *Crittenden v. State*, 899 S.W.2d 668, 671 (Tex.Crim.App.1995). Such a stop occurs when an officer validly

---

**1.** This would constitute a violation of TEX. TRANS. CODE ANN. § 547.322(f) (Vernon Supp.1996), a misdemeanor.

**2.** The trial court's exact words were:
... Okay, if you had been behind the car, seen the no light, the no light I might have been able to buy that a lot easier than going ahead with a car turning around, looking for it, especially on a night when you're on a DWI task force. There's a difference between properly stopping a car and having a pretext to stop a car. To me I have a reasonable doubt why you stopped this car. I don't think you stopped this car because you

wanted to warn the car of the light. I think you stopped it because it's DWI. This isn't Nazi Germany yet. You can't stop without probable cause to stop.

**3.** The Supreme Court noted in *Ornelas* that while "clear error" is a term of art taken from Fed. R.Civ.P. 52(a), and relates purely to factual determinations by the trial court, the preferred term for a deferential standard of review on other matters is "abuse of discretion." *Ornelas*, —— U.S. at —— fn. 3, 116 S.Ct. at 1661 fn. 3.

stops an individual for one offense in order to investigate that individual for another offense for which the officer does not have legal grounds to stop or arrest. *Garcia v. State,* 827 S.W.2d 937, 939–40 (Tex.Crim.App.1992). In *Crittenden,* the Texas Court of Criminal Appeals specifically adopted the so-called "objective" approach; that is, the seizing officer's subjective motivation is irrelevant in determining whether the stop was reasonable. In adopting this approach under the Texas Constitution, the court noted:

> This [approach], of course, is nothing more than the complete abandonment of any sort of pretext doctrine; because an officer's "subjective intent" is irrelevant, there can never be an illegal "pretext" for a seizure.

*Crittenden,* 899 S.W.2d at 674. The court went on to hold that "an objectively valid traffic stop is not unlawful under Article 1, § 9 [of the Texas Constitution] just because the detaining officer had some ulterior motive for making it." *Id.* at 674.

■ Moreover, the United States Supreme Court, interpreting the federal Constitution, recently reinforced the demise of the pretextual stop. In *Whren v. United States,* —— U.S. ——, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), the Court held that the temporary detention of a motorist upon probable cause to believe that he has violated the traffic laws does not violate the Fourth Amendment's prohibition against unreasonable seizures, even if a reasonable officer would not have stopped the motorist absent some other law enforcement objective. *See also United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). Judicially we review whether the reasonable officer *could* have stopped, not whether they would or should.

Here, the record shows that the trial court applied obsolete law to the facts of the case.

The judgment of the trial court is reversed and the cause is remanded for new trial.