STATE of Texas, Appellant,

v.

Patrick BURCKHARDT, Appellee.

No. 04–96–00743–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 6, 1997.

George Scharmen, San Antonio, for appellant.

Roderick B. Glass, Assistant Criminal District Attorney, San Antonio, for appellee.

Before RICKHOFF, STONE and DUNCAN, JJ.

DUNCAN, Justice.

The State of Texas appeals the trial court's order dismissing a DWI charge against Patrick Burckhardt. We hold the trial court did not abuse its discretion and therefore affirm the trial court's dismissal order.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 27, 1995, Burckhardt, a resident of Las Vegas, Nevada was arrested in San Antonio, Texas for driving while intoxicated. Sixteen months later, on August 12, 1996, Burckhardt's case had still never been set for trial; instead, his pretrial motions were reset for the eighth time. The next day, Burckhardt filed a motion to dismiss alleging he had been denied his right to a speedy trial. After an evidentiary hearing, the trial court found sixteen months had elapsed between Burckhardt's arrest and the filing of his motion to dismiss, the State offered no explanation for the delay, and Burckhardt made a prime facie showing of prejudice. In accordance with these findings, the trial court granted Burckhardt's motion and dismissed the information with prejudice.

### STANDARD OF REVIEW

The State and Burckhardt disagree on the standard of review to be employed in reviewing an order dismissing a case on speedy trial grounds. The State, citing *Williams v. State*, 464 S.W.2d 842, 844–45 (Tex.Crim.App.1971), and *State v. Hernandez*, 830 S.W.2d 631, 635 (Tex.App.—San Antonio 1992, no pet.), contends we should review this type of order under Texas' abuse of discretion standard. Burckhardt, on the other hand, distinguishes *Williams* and *Hernandez* as cases in which the trial court failed to properly apply the law. In his view, we should review the trial court's findings of fact de novo.

In the speedy trial context, the federal appellate courts review questions of law de novo and questions of fact under a clearly erroneous standard of review. *United States v. Smith*, 94 F.3d 204, 208 (6th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 997, 136 L.Ed.2d 877 (1997) (citing *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir.1996)); *United States v. Williams*, 782 F.2d 1462, 1464–65 (9th Cir.1985). We agree this standard is more appropriate in the speedy trial context and therefore reject the de novo standard urged by Burckhardt. However, the formulation of this standard that applies in this court is not that fashioned by the federal appellate courts but the similar standard fashioned by the Texas Court of Criminal Appeals—Texas' abuse of discretion standard. Under this standard, as in the federal appellate courts, questions of law are reviewed de novo while substantial deference is accorded to the trial court's findings of fact. *Cf. State v. Vasquez*, 937 S.W.2d 572, 573 (Tex.App.—San Antonio 1996, no pet.) (applying Texas' abuse of discretion standard to trial court's probable cause determination because federal standard and Texas' abuse of discretion standard not in conflict).

We therefore follow *Williams* and *Hernandez* and expressly hold Texas' abuse of discretion standard applies in reviewing an order dismissing a case with prejudice on speedy trial grounds. Therefore, to establish error, the complaining party must show the

trial court "applied an erroneous legal standard," misapplied the correct legal standard, or made findings of fact that are not supported by any "reasonable view of the record." *DuBose v. State,* 915 S.W.2d 493, 497–98 (Tex.Crim.App.1996).

### DISCUSSION

In its sole point of error, the State argues the trial court erred in granting Burckhardt's motion to dismiss because the delay was not particularly excessive, the record does not establish the State deliberately or intentionally caused the delay, and Burckhardt failed to timely assert his right to a speedy trial and failed to establish prejudice. We disagree.

■ The right to a speedy trial is guaranteed by the Sixth Amendment and imposed on the States by the Fourteenth Amendment to the United States Constitution. *Barker v. Wingo,* 407 U.S. 514, 515, 92 S.Ct. 2182, 2184–85, 33 L.Ed.2d 101 (1972). To invoke this right, a defendant must first show he has been arrested, indicted, or otherwise officially accused, *United States v. Thomas,* 55 F.3d 144, 148 (4th Cir.), *cert. denied,* — U.S. ——, 116 S.Ct. 266, 133 L.Ed.2d 189 (1995), and "the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett v. United States,* 505 U.S. 647, 651–52, 112 S.Ct. 2686, 2690, 120 L.Ed.2d 520 (1992) (quoting *Barker,* 407 U.S. at 530–31, 92 S.Ct. at 2191–92). The lower federal courts "have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year." *Doggett,* 505 U.S. at 652 n. 1, 112 S.Ct. at 2691 n. 1. "If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Id.* (citing *Barker,* 407 U.S. at 533–34, 92 S.Ct. at 2193–94).

■ If a defendant thus establishes his right to a speedy trial inquiry, the court must determine whether the right has been violated by carefully balancing the four *Barker* factors: (1) "whether delay before trial was uncommonly long," (2) "whether the govern-ment or the criminal defendant is more to blame for that delay," (3) "whether, in due course, the defendant asserted his right to a speedy trial," and (4) "whether [the defendant] suffered prejudice" as a result of the delay. *Doggett,* 505 U.S. at 651, 112 S.Ct. at 2690 (citing *Barker,* 407 U.S. at 530, 92 S.Ct. at 2191–92). "These factors are applied on an *ad hoc* basis as a balancing test in which the conduct of the prosecution and the defendant are weighed." *State v. Kuri,* 846 S.W.2d 459, 461 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd), *cert. denied,* 510 U.S. 1116, 114 S.Ct. 1064, 127 L.Ed.2d 384 (1994) (citing *Barker,* 407 U.S. at 530, 92 S.Ct. at 2191–92).

### 1. Whether Pretrial Delay Was "Uncommonly Long"

The State argues the trial court incorrectly found sixteen months elapsed from the time Burckhardt was arrested until the hearing on his motion to dismiss because it should have reduced the total delay by two agreed continuances. We agree in part.

■ Between his arrest on April 27, 1995 and the hearing on his motion to dismiss, which began August 15 but was not concluded until September 5, Burckhardt's case was called seven times; each time he announced "ready." However, on August 3, 1995, the record also reflects he agreed to a continuance until September 28, 1995, a total of fifty-five days. We thus agree the trial court should have excluded this agreed continuance from consideration, *Barker,* 407 U.S. at 529, 92 S.Ct. at 2191; *Kuri,* 846 S.W.2d at 463, and concluded the total delay from the date of Burckhardt's arrest to the date the dismissal hearing began was fourteen months.

■ The State also argues Burckhardt agreed to continue his case on May 2, 1996 until August 3, 1996, and the trial court erred in not excluding this agreed continuance from consideration. However, as the State notes, August 3, 1996 was a Saturday; Burckhardt thus had no choice but to agree to this continuance. Accordingly, since this delay was not chargeable to Burckhardt, the trial court correctly did not offset it against the total effective delay.

■ In sum, while we agree the record does not support the trial court's finding of a sixteen-month delay, we hold the record does support a finding of a fourteen-month delay and, as the State now concedes, this delay warrants a presumption of prejudice and necessitates an analysis of the remaining *Barker* factors. *Doggett*, 505 U.S. at 652 n. 1, 112 S.Ct. at 2691 n. 1; *see also Chapman v. Evans*, 744 S.W.2d 133, 136 (Tex.Crim.App. 1988). In accordance with *Doggett*, however, we also recognize that fourteen months is only two months more than the twelve months mandating an inquiry into the *Barker* factors. *See id.*

### 2. Whether the State or Burckhardt Was More at Fault for the Pretrial Delay

The trial court found the State failed to explain the delay in bringing Burckhardt to trial. The State does not disagree with this finding and concedes it bears "the burden on excusing the delay...." *Turner v. State*, 545 S.W.2d 133, 137–38 (Tex.Crim.App.1976); *see also Phillips v. State*, 650 S.W.2d 396, 400 (Tex.Crim.App. [Panel Op.] 1983); *State v. Hernandez*, 830 S.W.2d 631, 634 (Tex.App.— San Antonio 1992, no pet.). Nonetheless, the State argues "the delays in bringing the case to trial were reasonable." This argument, however, confuses the consequence of a silent record. When the record is silent as to the cause of the delay, the trial court may properly "presume[ ] that no valid reason for delay existed." *Turner*, 545 S.W.2d at 137–38; *Hernandez*, 830 S.W.2d at 634. The State also argues "the record fails to reflect any deliberate action on the State's behalf to delay trial." While we agree with this assertion, the trial court did not find the State deliberately caused the delay.

In sum, while the trial court did not find and there is no evidence indicating the State intentionally delayed bringing Burckhardt to trial, the trial court properly found the State failed to explain the delay. Accordingly, there was no valid reason for the fourteen-month delay between Burckhardt's arrest and the dismissal hearing other than the State's negligence.

### 3. Whether Burckhardt Asserted His Right to a Speedy Trial in Due Course

The State argues Burckhardt did not assert his right to a speedy trial until he filed his motion to dismiss and further argues, in reliance upon *McCarty v. State*, 498 S.W.2d 212, 215–16 (Tex.Crim.App.1973), the trial court should have weighed Burckhardt's assertion of his right to a speedy trial in this manner against him. Again, however, the State's argument fails to consider the deference accorded a trial judge's findings of fact.

■ The trial judge found Burckhardt asserted his right to a speedy trial by insisting on a May 2, 1996 special setting for his pretrial motions; in her view, Burckhardt's insistence on this special setting established "his desire for this case to be heard at the earliest opportunity, if not on the exact date of the special setting."

As noted above, the trial judge, not this court, is the initial factfinder, and we may not disturb the trial court's finding under an abuse of discretion standard unless no reasonable view of the record will support it. Here, the trial court's finding that Burckhardt first asserted his right to a speedy trial by insisting on the May 2, 1996 special setting is a proper and reasonable inference from the evidence, particularly the evidence demonstrating both sides announced "ready" at the special setting. We also note that Burckhardt's assertion of his right to a speedy trial is "entitled to strong evidentiary weight in determining whether the defendant was deprived of the right [to a speedy trial]." *Barker*, 407 U.S. at 531–32, 92 S.Ct. at 2192.

### 4. Whether Burckhardt Was Prejudiced by Pretrial Delay

The trial court found that, as a result of the delay, Burckhardt suffered "actual prejudice in that he has lost some potentially exculpatory evidence," "lost work and several thousands of dollars in income," and "suffered anxiety and concern." The State argues the evidence does not establish prejudicial delay but simply the "ordinary and inevitable delay in any criminal proceed-

**104**

ing." Again, however, the State fails to consider the applicable standard of review.

 "The right to a speedy trial is designed to protect three general interests[:]" (A) "to prevent oppressive pretrial incarceration;" (B) "to minimize anxiety and concern of the accused;" and (C) "to limit the possibility that the defense will be impaired." *Chapman,* 744 S.W.2d at 137; *see also Barker,* 407 U.S. at 533, 92 S.Ct. at 2193. Actual prejudice is not required. *Kuri,* 846 S.W.2d at 466. Burckhardt need only "make 'some showing' that the delay has been prejudicial." *Id.* (quoting *Phillips,* 650 S.W.2d at 402–03).

### A. Oppressive Pretrial Incarceration

Since Burckhardt was only incarcerated for five hours, there is no evidence indicating and the trial court properly did not find that Burckhardt was subjected to oppressive pretrial incarceration.

### B. Anxiety and Concern

The trial court found and the evidence establishes that Burckhardt is an artist who lived in Las Vegas and flew to San Antonio on each of the seven occasions his case was called on the docket. As a result of these frequent trips to Texas, the trial court found and the evidence establishes Burckhardt lost work. In fact, the record establishes Burckhardt was forced to turn down jobs in Caracas, Cairo, Louisville, Palm Desert, and Las Vegas because the unusual nature of his work and the companies that employ him "require him to be on site at all times." The trial court also found Burckhardt lost thousands of dollars as a result. This finding is also supported by the record, which establishes Burckhardt lost a $125,000 tax-free payment when he lost the Cairo job. Finally, the trial court found Burckhardt "suffered anxiety and concern as a result of the delay," a finding supported by the record evidence establishing the disruptions to Burckhardt's work and income stream ultimately forced him to rely on unemployment benefits.

### C. Impaired Defense

The trial court also found Burckhardt's defense was "prejudiced and impaired be-

cause of the loss of memory by the police officer of an exculpatory circumstance." The State argues, however, this finding is not supported by the record. We agree and therefore disregard it.

### CONCLUSION

Although the trial court's finding of a sixteen-month delay incorrectly failed to exclude the fifty-five-day delay caused by an agreed continuance, and its finding that Burckhardt's defense was prejudiced must be disregarded, the essential facts found by the trial court are supported by the evidence. In short, for no valid reason and despite Burckhardt's insistence on a May 2, 1996 special setting, the State failed to bring Burckhardt to trial for fourteen months in what appears to have been a routine DWI case. And, as a result of this delay, Burckhardt was forced to fly from Las Vegas to San Antonio on at least seven occasions, he lost work and substantial income, he was ultimately forced to rely on unemployment benefits, and he became anxious and concerned. Because these essential findings are supported by the record and in accordance with the applicable law, we hold the trial court did not abuse its discretion in making the findings it did, in concluding that Burckhardt had been denied his constitutional right to a speedy trial, or in dismissing the charge with prejudice. We therefore overrule the State's point of error and affirm the trial court's order.