NO. 12-01-00364-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


DAVID CARTER MCCOY,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






 

 Appellant David Carter McCoy appeals his conviction for Failure to Maintain Financial
Responsibility, for which the jury imposed a $500.00 fine. In six issues, Appellant complains of lack
of jurisdiction, denial of a speedy trial, failure to give fair notice of the charge, ex parte
communications, and deemed admissions. We affirm.


Background

 During a traffic stop, Lindale police issued a citation to Appellant for failure to show proof
of insurance, a Class C Misdemeanor. According to the record, Appellant pleaded nolo contendere,
was found guilty by the municipal court, and appealed his conviction to the county court at law. 
After a jury trial de novo, Appellant was found guilty as charged and was assessed a fine of $500.00. 
This appeal followed.


Lack of Jurisdiction

 In his first issue, Appellant maintains that the county court at law had no jurisdiction to hear
his traffic citation case because he did not appeal the conviction from the municipal court. In the
clerk's record, a Transcript of Judgement[sic] for Municipal Court states that Appellant pleaded nolo
contendere to the charge of failure to maintain financial responsibility, was found guilty as charged,
did not pay the assessed fine of $242.00, and filed an appeal bond of $200.00 for a trial de novo at
the county court level. It has long been a cardinal rule of appellate procedure in Texas that we "must
indulge every presumption in favor of the regularity of the proceedings and documents" in the trial
court. McCloud v. State, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975). The presumption of
regularity is a judicial construct that requires a reviewing court, "absent evidence of impropriety,"
to indulge every presumption in favor of the regularity of the trial court's judgment. Light v. State,
15 S.W.3d 104, 107 (Tex. Crim. App. 2000). We have consistently upheld this presumption absent
a showing to the contrary. Dusenberry v. State, 915 S.W.2d 947, 949 (Tex. App.- Houston [1st
Dist.] 1996, pet. ref'd). The burden is on the defendant to overcome the presumption. Id. Because
Appellant has failed to affirmatively show that he did not appeal his conviction from the municipal
court, we overrule issue one.


Denial of Speedy Trial

 In issues two and three, Appellant complains that he was denied a speedy trial. He contends
that the municipal court mishandled the case and did nothing with it for over fourteen months, then
sent it to the county court at law as an appeal, where the case was misfiled and lost for an additional
period of almost thirty months. A criminal defendant is entitled to receive a speedy trial under both
the United States and Texas constitutions. U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10. 
The right to a speedy trial is fundamental. Klopfer v. N.C., 386 U.S. 213, 223, 87 S. Ct. 988, 993,
18 L. Ed. 2d 1 (1967). A defendant has no duty to bring himself to trial. Barker v. Wingo, 407 U.S.
514, 527, 92 S. Ct. 2182, 2190, 33 L. Ed. 2d 101 (1972). The Supreme Court has established a
balancing test to weigh the conduct of the prosecution and the defendant, placing the primary burden
on the courts and the prosecution to bring cases to trial. Id., 407 U.S. at 529-30, 92 S. Ct. at 2191-92. The Barker court identified four factors to be considered in determining whether an accused has
been denied his constitutional right to a speedy trial: (1) length of delay; (2) reason for the delay; (3)
assertion of the right; and (4) prejudice to the accused. Id. We review the four-factor balancing test
de novo. Johnson v. State, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997). 

 The length of delay acts as a threshold that must be passed before the other factors are
considered. See Barker, 407 U.S. at 530, 92 S. Ct. at 2192. Unless there is a delay that is
presumptively prejudicial, the other factors need not be reached. Id. The length of the delay is
measured from the time the defendant has been either charged or arrested. Emery v. State, 881
S.W.2d 702, 708 (Tex. Crim. App. 1994) (citing U.S. v. Marion, 404 U.S. 307, 313, 92 S. Ct. 455,
459, 30 L. Ed. 2d 468 (1971)). The reasonableness of the delay may depend upon the nature of the
offense, so that the delay tolerated for an ordinary street crime may be considerably less than the
delay for a complex conspiracy charge. See Barker, 407 U.S. at 530-31, 92 S. Ct. at 2192. Courts
generally hold that any delay of eight months or longer is presumptively unreasonable when
evaluating a speedy trial complaint. Harris v. State, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992). 
The length of the delay in this case is presumptively unreasonable; but because of the nature of the
offense, a Class C Misdemeanor, it weighs only slightly in Appellant's favor. 

 The State bears the initial burden of providing justification for an unreasonable delay. 
Emery, 881 S.W.2d at 708. An intentional delay weighs heavily against the State. Barker, 407 U.S.
at 531, 92 S. Ct. at 2192. When the record is silent regarding the reason for the delay, the court may
presume that no valid reason for the delay exists. State v. Burckhardt, 952 S.W.2d 100, 103 (Tex.
App.- San Antonio 1997, no pet.). In the present case, there is nothing in the record to indicate that
Appellant was in any way responsible for the delay. Therefore, the reason for the delay weighs
against the State.

 The third factor in the balancing test the court must consider is whether the defendant
asserted his right to a speedy trial. The defendant has some responsibility to assert his right to a
speedy trial. Melendez v. State, 929 S.W.2d 595, 599 (Tex. App.- Corpus Christi 1999, no pet.). 
Therefore a defendant's assertion of his right to a speedy trial is entitled to strong evidentiary weight. 
Barker, 407 U.S. at 531, 92 S. Ct. at 2192. There is no single method by which an accused must
assert his right to a speedy trial. In Burckhardt, the court found that the defendant asserted his right
to a speedy trial by insisting on a special setting for his pretrial motions, thereby establishing his
desire to have his case heard as soon as possible. Burckhardt, 952 S.W.2d at 103. In Guajardo v.
State, a motion to dismiss for violation of the right to a speedy trial was considered an assertion of
that right. Guajardo v. State, 999 S.W.2d 566, 570 (Tex. App.- Houston [14th Dist.] 1999, no pet.). 
In the present case, there is nothing in the record to show that Appellant filed any motions or did
anything at all to assert his right to a speedy trial. The first time that he even raised the issue was
in his motion for new trial filed after judgment was rendered in the county court at law. Therefore,
his failure to assert his right to a speedy trial weighs heavily against Appellant. 

 In considering whether the delay has prejudiced the defendant, proof of actual prejudice is
not required. Melendez, 929 S.W.2d at 600. The defendant has the burden to make a prima facie
showing of prejudice. Guajardo, 999 S.W.2d at 570. Once the defendant has met his burden, the
burden shifts to the State to refute that prejudice has occurred. Ex parte McKenzie, 491 S.W.2d 122,
123 (Tex. Crim. App. 1973). A trial delay can be harmful in three ways: (1) pretrial incarceration
may be oppressive; (2) the accused may be unduly subjected to anxiety and concern; or (3) a defense
may be impaired. Barker, 407 U.S. at 532, 92 S. Ct. at 2193. Appellant claims only that the delay
resulted in an unnecessary trial at the county court level; he would not have gone to trial if he had
recalled that he had not appealed the municipal court judgment. However, as we stated earlier, the
presumption is that Appellant did appeal the judgment, and he points to nothing in the record to rebut
that presumption. Consequently, he fails to make a prima facie showing of prejudice. Accordingly,
this factor weighs heavily against Appellant.

 Because two of the four Barker factors weigh heavily against Appellant, one weighs against
the State and one weighs slightly in Appellant's favor, we hold that Appellant was not
unconstitutionally denied a speedy trial, and overrule issues two and three.


Failure to Give Adequate Notice of Charge

 In his fourth issue, Appellant maintains that he was not informed of the nature and cause of
the charges against him. However, he signed the traffic citation which stated that he was being
charged with failure to maintain financial responsibility. Furthermore, the complaint filed in the
municipal court stated the following:


 David Carter McCoy on or about the 2nd day of November, 1997, and before the making and filing of
this complaint, within the incorporated limits of the City of Lindale, Smith County, Texas, N. College,
did then and there unlawfully knowingly operate a motor vehicle upon a public street, in the city,
county and state aforesaid, and did then and there unlawfully fail to furnish upon request to a police
officer information concerning evidence of financial responsibility to respond to damages for liability.


 The allegation in the complaint asserted all necessary details concerning the offense. Even
if it did not, this defect has not been shown to have prejudiced Appellant's substantial rights. See
Adams v. State, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986). In the absence of a statement of
facts, we cannot determine if the wording of the complaint impaired Appellant's ability to prepare
a defense. See id. Consequently, we overrule Appellant's fourth issue. 


Ex Parte Communication 

 In his fifth issue, Appellant complains that the county court at law judge and the State's
prosecutor engaged in an ex parte hearing. Specifically, he asserts that on August 15, 2001, the day
of trial, he witnessed the judge and prosecutor participate in a discussion of the case concerning
defects in the complaint "in a manner meant to exclude, and resulting in the exclusion of the accused
from the discussion or hearing." Canon 3(B)(8) of the Judicial Conduct Code states the following:


 A judge shall accord to every person who has legal interest in a proceeding, or that person's lawyer,
the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte
communications or other communications made to the judge outside the presence of the parties
between the judge and a party [or] an attorney . . . concerning the merits of a pending or impending
judicial proceeding. 


Tex. Code Jud. Conduct, Canon 3(b)(8), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G, app.
B (Vernon 1998). However, there is nothing in the record which would indicate that Appellant
complained about the alleged improper conversation. Consequently, he has waived error. Tex. R.
App. P. 33.1(a)(1). Accordingly, we overrule Appellant's fifth issue.


Motion in Arrest of Judgment 

 In his sixth and final issue, Appellant asserts that since none of the "facts" set forth in his
Sworn Motion in Arrest of Judgment have been refuted, it stands as an admission by the State. A
motion in arrest of judgment is a defendant's oral or written suggestion that, for reasons stated in the
motion, the judgment rendered against the defendant was contrary to law. Tex. R. App. P. 22.1. 
There is nothing in the record to indicate that a hearing was held on the motion, or that the trial court
ruled on it. Therefore, the motion is deemed denied. Tex. R. App. P. 22.5. Appellant does not
appeal the denial of the motion, however; he simply asserts that since the State did not respond to
the motion, we should now hold that the "facts" he asserted in that motion are true. He offers no
authority for this proposition, and we have found none. Consequently, we overrule Appellant's sixth
issue.

 The judgment of the trial court is affirmed. 


 JAMES T. WORTHEN 

 Justice



Opinion delivered December 20, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.























(DO NOT PUBLISH)